VOLODKEVICH, APPELLANT, *v.* VOLODKEVICH, APPELLEE.

(No. 1774—Decided July 5, 1989.)

Richard M. Marco, Jr., for appellant.
*Zashin, Rich, Sutula & Monastra Co., L.P.A., Bessie J. Cassaro* and *Robert I. Zashin,* for appellee.

QUILLIN, J. Appellant, Peter Volodkevich, appeals the trial court's decision granting appellee's motion for relief from judgment. Because we have no transcript of the proceedings, we must affirm the judgment.

The present case is before this court for the third time. In September 1981, appellant filed for divorce from appellee, Lydia Volodkevich, who counterclaimed for divorce. The case was assigned to Medina County Common Pleas Court Judge Phillip A. Baird and then submitted to a referee.

After conducting a hearing, the referee recommended a grant of divorce to Lydia. The referee also recommended a roughly equal division of assets, sale of the marital residence with proceeds to be shared, and that Peter pay sustenance alimony in the amount of $2,000 per month for one year and $1,000 per month for four years. Peter timely objected to the referee's report.

Judge Baird withdrew from the case, which was reassigned to Judge Neil W. Whitfield. Following a hearing on Peter's objections, Judge Whitfield adopted the referee's recommendations, but reduced the sustenance alimony award to a fixed term of three years.

On appeal, we affirmed the sustenance alimony award and the requirement that the marital residence be sold within one year, but remanded for clarification of the terms governing the sale of the residence. *Volodkevich* v.

*Volodkevich* (Dec. 29, 1982), Medina App. No. 1180, unreported.

Lydia proceeded to file an affidavit of prejudice against Judge Whitfield. The Supreme Court found no prejudice, but removed Judge Whitfield from the case to avoid the appearance of impropriety.

Following the appointment of Judge John Maxwell to the case, Lydia filed a motion to vacate all of the orders issued by Judge Whitfield. Following a full hearing, Judge Maxwell granted the motion to vacate and ordered a trial *de novo.* On appeal, we reversed. *Volodkevich* v. *Volodkevich* (Nov. 26, 1986), Medina App. No. 1496, unreported. Upon further appeal, our decision was affirmed by the Supreme Court. *Volodkevich* v. *Volodkevich* (1988), 35 Ohio St. 3d 152, 518 N.E. 2d 1208.

Following this decision, Lydia, relying on newspaper reports, filed a motion for reconsideration in the Supreme Court on the basis that Peter, a pathologist, had allegedly acted in an autopsy on a woman in such a manner as to stop investigation of Judge Whitfield's son as a suspect in her death. The Supreme Court granted the motion for reconsideration and remanded the cause to the trial court "in order to establish a record upon which the allegations made by [Lydia] can be considered." *Volodkevich* v. *Volodkevich* (1988), 36 Ohio St. 3d 612, 522 N.E. 2d 521.

Following remand, Judge Maxwell granted Lydia's motion to vacate and ordered a new trial on all issues dealing with sustenance alimony and division of property.

### Assignments of Error

"I. The trial court abused its discretion in granting the defendant-appellee's motion for reconsideration (filed in the Ohio Supreme Court) thereby vacating all orders of Judge Neil Whitfield pursuant to Rule 60(B)(5) of the Ohio Rules of Civil Procedure as the defendant-appellee failed to meet the criteria established in *GTE Automatic Electric, Inc.* v. *ARC Industries, Inc.* [(1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113.]

"II. The trial court erred in considering any evidence of alleged appearances of impropriety by the trial judge or by appellant's trial counsel that extend beyond the facts of the Pamela Terrill autopsy.

"III. The trial court erred in ordering that a total new trial be held due to the involvement of Judge Whitfield as Judge Whitfield was not the trial judge at the time the referee's recommendation was issued and the objections filed."

A presumption of validity attends the trial court's action. In the absence of an adequate record, which is the appellant's responsibility, see App. R. 9 and Loc. R. 3 of the Ninth Appellate District, we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199, 15 O.O. 3d 218, 220, 400 N.E. 2d 384, 385; *Meinhard Commercial Corp.* v. *Spoke & Wheel, Inc.* (1977), 52 Ohio App. 2d 198, 201-202, 6 O.O. 3d 180, 182, 368 N.E. 2d 1275, 1277.

Appellant's assignments of error concern facts, testimony, and evidentiary matters which must be demonstrated from the record. The record before us is insufficient to demonstrate the claimed errors.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and BAIRD, J., concur.