This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Appellant Nathan Eden appeals from his conviction and sentence in the Lorain County Court of Common Pleas. We affirm in part and reverse in part.
 I.
On the night of January 14, 1997, appellant was driving a van on Russia Road in Lorain County, Ohio. He was driving while intoxicated (at a level later found to be 0.26, over two and a half times the legal limit) and speeding. Without any hesitation, appellant's vehicle streaked past a stop sign at the intersection of Russia Road and State Route 58 and violently slammed into another vehicle, driven by Timothy Balda. Balda's vehicle then spun and struck another vehicle driven by Richard Schramm. Appellant's vehicle continued through the intersection before running off the road and colliding with a utility pole. The chain reaction caused by appellant resulted in serious injuries to Balda and Schramm and caused the death of Balda's ten-year-old son Jake, who was a passenger in Balda's car.
On February 5, 1997, the Lorain County Grand Jury indicted appellant on seven counts: involuntary manslaughter, aggravated vehicular assault, aggravated vehicular homicide, driving while under the influence of alcohol, reckless operation, speeding, and failure to yield the right of way. The indictment was later amended in May 1997 to add an eighth count, aggravated vehicular assault. Appellant pleaded not guilty to all counts.
On August 15, 1997, appellant filed a plea of not guilty by reason of insanity. The state moved to strike the plea, and the trial court granted the state's motion on August 28, 1997.
On September 15, 1997, appellant pleaded guilty to all counts in the indictment. An emotionally charged sentencing hearing was held on November 21, 1997. The trial court heard statements from Timothy Balda and appellant. After arguments by counsel, the trial court imposed a five year prison term (the maximum) for aggravated vehicular homicide, an eighteen month prison term (the maximum) on one count of aggravated vehicular assault, a twelve month prison term on the second count of aggravated vehicular assault, and a six month term for driving under the influence. The trial court ordered that the five-year, eighteen-month, and twelve-month prison terms be served consecutively, and the six-month term be served concurrently to the other prison terms. This appeal followed.
 II.
In this appeal, appellant presents eight assignments of error. Four were briefed by appellant's attorney, while four are presented pro se. We have renumbered each assignment of error to facilitate our discussion and will address each in turn.
Restitution
ASSIGNMENT OF ERROR NO. 1
 Appellant [sic] Appeals the decision of Restitution for lack of Due Process and failure to stipulate on the Record the said amount.
In the first assignment of error, appellant argues that the trial court's order of restitution was invalid because no amount was specified. This argument is without merit. The trial court's sentencing entry specifies the amounts of restitution to be paid. This assignment of error is overruled.
 Plea Issues
ASSIGNMENT OF ERROR NO. 2
 Ineffective Assistance of Trial Counsel for not pursuing Issue on Plea to the Court of Appeal [sic] and allowing Appellant to Plead Guilty while under the Influence of Drugs and or [sic] Alcohol.
Appellant argues in his second assignment of error that the trial court erred by rejecting his plea of not guilty by reason of insanity.[1] His contentions are not well taken.
Crim.R. 11(H) states: "The defense of not guilty by reason of insanity must be pleaded at the time of arraignment, except that the court for good cause shown shall permit such a plea to be entered at any time before trial." "The determination of good cause under Crim.R. 11(H) is within the sound discretion of the trial court." State v. Iacovone (July 16, 1997), Wayne App. No. 96CA0060, unreported, at 7. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the case at bar, the trial court clearly did not abuse its discretion. Appellant entered his plea of not guilty by reason of insanity two weeks before a trial was scheduled to take place and made no effort whatsoever to demonstrate good cause for the late entry of the plea. The second assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 3
 The Trial Court errored [sic] by accepting Appellant's Plea of Guilty while under the Influence and by allowing tainted evidence into Court.
In the third assignment of error, appellant presents two arguments. First, appellant argues that the trial court committed error by accepting his guilty plea while he was under the influence of alcohol to an extent that he was unable to enter a plea knowingly, voluntarily, and intelligently under Crim.R. 11(C). Second, he argues that the trial court erred by not suppressing a sample of his blood and the results of any tests performed on that blood sample.
The first argument must be overruled on the basis of an inadequate record. The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. In the case at bar, there is no transcript of appellant's plea hearing before the trial court. In the absence of such, we cannot determine the merits of appellant's argument and find his argument to be without merit.
Appellant's second argument is likewise without merit. Appellant argues that a blood sample should have been suppressed; however, no motion to suppress was ever filed. We cannot say that the trial court erred by failing to sua sponte suppress evidence. The third assignment of error is overruled.
 Sentencing Issues
ASSIGNMENT OF ERROR NO. 4
 Trial Court Errored [sic] by using Minor Misdemeanor to Enhance Appellant's Sentence.
Appellant's fourth assignment of error contends that the trial court impermissibly used a minor misdemeanor to enhance his sentence. Appellant bases his argument on a statement in the sentencing journal entry that "[t]he defendant has a history of convictions. One prior vehicle collision involving alcohol. Physical harm to victim occurred." Appellant contends that because in the criminal matter related to that prior collision he pleaded guilty to a minor misdemeanor, the trial court was prohibited from using that minor misdemeanor to increase his sentence in this matter.
Appellant relies solely on State v. Collins (1993), 67 Ohio St.3d 115, for his argument. However, Collins is wholly inapplicable, as that case dealt with whether a minor misdemeanor could be the underlying predicate offense supporting a charge of involuntary manslaughter.[2] Collins states nothing whatsoever about sentencing. A trial court is not precluded from considering a defendant's criminal history before imposing sentence. The fourth assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 5
 The trial court erred, and to the prejudice of appellant by imposing prison sentences greater than the minimum sentence for each of appellant's felony convictions.
In the fifth assignment of error argued by counsel, appellant contends that the trial court erred by imposing a prison sentence greater than the minimum sentence for the aggravated vehicular homicide and aggravated vehicular assault convictions. We disagree.
R.C. 2929.14(B) governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under those circumstances, the minimum sentence for the felony offense must be imposed unless the trial court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."Id.
In the case at bar, the trial court did comply with R.C.2929.14(B). At the sentencing hearing, the trial court found that the minimum term for the three convictions would demean the seriousness of the offenses and would not adequately protect the public. Therefore, the trial court did not err by imposing a sentence greater than the minimum on appellant's three felony convictions. The fifth assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 6
 The trial court erred, and to the prejudice of appellant, by imposing a maximum sentence for the offense of aggravated vehicular homicide.
ASSIGNMENT OF ERROR NO. 7
 The trial court erred, and to the prejudice of appellant, by imposing a maximum sentence for the offense of aggravated vehicular assault.
ASSIGNMENT OF ERROR NO. 8
 The trial court erred, and to the prejudice of appellant, by ordering appellant's sentences of imprisonment to be served consecutively to one another.
We will address the final three assignments of error together. In the sixth and seventh assignments of error, appellant argues that the trial court failed to make the findings required to sentence him to the maximum prison term on the aggravated vehicular homicide conviction and one of the aggravated vehicular assault convictions. In the eighth assignment of error, he argues that the trial court failed to make the findings required to impose all prison terms on the felony convictions consecutively.
Under R.C. 2929.14(C), a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. The only two criteria relevant to this appeal are whether the defendant "committed the worst form of the offense" or "pose[s] the greatest likelihood of committing future crimes[.]" Id. In order for the sentence to withstand scrutiny on appeal, the trial court must make a finding with respect to one of the four criteria and give reasons for that finding. R.C. 2929.19(B)(2)(d).
Similarly, R.C. 2929.14(E)(4) requires a trial court to make three findings before prison terms may be imposed consecutively.
 [T]he court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Id. The trial court must also give "its reasons for imposing the consecutive sentences[.]" R.C. 2929.19(B)(2)(c).
Previously, this court had held that a talismanic recitation of the required findings was not necessary. State v. Blondheim
(May 27, 1998), Summit App. No. 18594, unreported, at 8-9. So long as there was a basis for the required findings to have been made, the sentence imposed by the trial court was not disturbed. See id.; State v. Miller (Apr. 29, 1998), Summit App. No. 18645, unreported, at 4; State v. Crangle (Aug. 6, 1997), Summit App. No. 18268, unreported, at 3. However, the Ohio Supreme Court recently disapproved of Blondheim, Miller, and Crangle in State v. Edmonson
(1999), 86 Ohio St.3d 324. Under Edmonson, a sentencing court must make the required findings for deviations under R.C. 2929.14. See id. at 328, 329.
In the case at bar, the transcript of the sentencing hearing reveals the following:
THE COURT: * * *
Well, the Court has reviewed the presentence report,
 I've also reviewed the sentencing memorandum as well as all letters which were sent to the Court, and the Court, in considering all the sentencing criteria, will journalize those along with the sentencing entry.
 Mr. Eden, simply put, life is about making choices, and then being responsible for those choices. Today you will be held responsible for the choices that you made.
 Now, on January 14th, 1997, you chose to drink alcohol excessively. You then chose to take the wheel of a car and turn that vehicle into a weapon. And your choices and your complete disregard for the safety of others led to the death of Jacob Balda as well as injury to others.
 Now, I cannot undo the pain or destruction that you have caused, but I can make sure that for a period of time your choices are limited significantly.
* * *
 The Court finds that S.B. 2 requires that the Court look at the shortest prison term. This Court finds that that would demean the seriousness of the offenses and would not adequately protect society. Furthermore, consecutive sentences are not disproportionate to the seriousness of the crimes caused in this case, as well as the danger that you pose.
The trial court's sentencing entry made no findings as to R.C.2929.14(C). The sentencing entry did make the first two findings required by R.C. 2929.14(E)(4), but did not make the third required finding.
Before Edmonson, the record before this court would have adequately supported appellant's sentences. Eleven months prior to this tragedy, appellant drove a car under the influence of alcohol and injured another driver. Now, appellant has not only repeated the crime but compounded it, by injuring two other drivers and killing a ten-year-old boy. The record is replete with letters from the boy's family and members of the community reciting the magnitude of the tragedy and demanding that the maximum penalty be imposed on appellant. The record demonstrates that there was clearly a basis for the trial court to impose maximum and consecutive sentences. However, under the edict ofEdmonson, we are unfortunately compelled to find that the maximum and consecutive sentences imposed by the trial court are not supported by the record. See R.C. 2953.08(G)(1)(a).
The sentencing record does not contain the findings required under R.C. 2929.14, as construed in Edmonson, to support the imposition of maximum sentences or consecutive sentences. Therefore, we must sustain appellant's sixth, seventh, and eighth assignments of error and remand this cause to the trial court for resentencing in accordance with the applicable statutes andEdmonson.
 III.
Appellant's first, second, third, fourth, and fifth assignments of error are overruled. The sixth, seventh, and eighth assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for resentencing.
Judgment affirmed in part, reversed in part, and causeremanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER FOR THE COURT
SLABY, P.J., WHITMORE, J., CONCUR.
[1] Appellant also attempts to argue that trial counsel, who also represented appellant on appeal before withdrawing, did not assert this issue on appeal. The errors of appellate counsel are not cognizable when considering the merits of an appeal. However, appellant has also argued that the trial court erred by not allowing him to plead not guilty by reason of insanity. Therefore, because the issue has been raised on appeal, any alleged error would be harmless.
[2] Cf. State v. Weitbrecht (1999), 86 Ohio St.3d 368.