DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Sean Holvey has appealed from a judgment of the Wayne County Municipal Court which found him guilty of driving under the influence of alcohol, a violation R.C. 4511.19(A)(1), driving with a prohibited breath-alcohol content, a violation of R.C. 4511.19(A)(3), and underage consumption, a violation of R.C.4301.632. This Court affirms.
 I.
On October 10, 1998, Defendant was charged with violating R.C. 4511.19(A)(1), 4511.19(A)(3) and 4301.632. On November 9, 1998, Defendant moved to suppress all the evidence in this matter. The trial court held a suppression hearing on December 7, 1998. It denied the motion two days later.
On December 17, 1998, the Defendant entered a plea of no contest to all charges. The trial court found him guilty and sentenced him accordingly. Defendant has appealed, asserting one assignment of error.
 II.
For his sole assignment of error, Defendant has argued that the trial court erred when it denied his motion to suppress. He has claimed that the investigatory stop of his vehicle was not supported by a reasonable, articulable suspicion that criminal activity was in progress or about to be committed, and therefore, was in violation of his Fourth Amendment rights under the United States Constitution.
To review his assignment of error, this Court is required to consider all the evidence presented at the suppression hearing. As a result, Defendant was responsible for providing either the hearing transcript or a substitute as provided for in the appellate rules. See Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314. Defendant has failed to provide either a transcript or a substitute.
On January 15, 1999, counsel for Defendant filed a praecipe requesting the court reporter prepare and file in the Clerk of Courts, Wayne County Municipal Court a "complete transcript of the proceedings" in this matter.[1] Although it appears from the parties' briefs that a transcript of the suppression hearing was prepared for appellate purposes, this transcript has not been filed as required by App.R. 9 and is not part of the record.
Because Defendant has failed to provide the portions of the transcript necessary to resolve the error assigned, this Court has nothing to review and, as a result, has "no choice but to presume the validity of the lower court's proceedings, and affirm." Statev. Dearmitt (Jan. 15, 1997), Wayne App. No. 96CA0021, unreported, at 9, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. In the absence of a transcript, or appropriate substitute, "an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment." Dearmitt, supra, at 9, citing Beacon Invest. Co. v.Shifferly (Jul. 6, 1994), Summit App. No. 16615, unreported, at 3. As such, this Court is unable to conclude that the trial court erred in denying Defendant's motion to suppress. Therefore, Defendant's assignment of error must be overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Affirmed.
Exceptions.
BETH WHITMORE, FOR THE COURT
BAIRD, P.J. and BATCHELDER, J. CONCUR
[1] On February 24, 1999, a "Transcript of Proceedings" was filed in the clerk's office. This transcript contains only Defendant's change of plea and sentencing on December 17, 1998.