DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ralph P. Cushion, II., appeals his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
On August 8, 1998, after becoming heavily intoxicated, Mr. Cushion, who was an assistant prosecutor for Cuyahoga County, shot his acquaintance Deanna Woods. After the shooting, Mr. Cushion drove away in his vehicle and crashed into a telephone pole. Subsequently, he was arrested and taken into custody by officers of the Springfield Township Police Department. At that time, Mr. Cushion was given his Miranda warnings. Then, Mr. Cushion was transported to Akron City Hospital, and after being treated, Mr. Cushion was read his Miranda warnings again. On August 9, 1998, Mr. Cushion was taken to the Springfield Township Police Station and was given his Miranda warnings for a third time. Throughout the time that he was in custody, various police officers asked Mr. Cushion questions.
On August 13, 1998, Mr. Cushion was indicted on one count of attempted murder, in violation of R.C. 2903.02 and 2923.02, with a firearm specification; one count of felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification; one count of carrying concealed weapons, in violation of R.C. 2923.12; two counts of driving while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1) and (A)(2); and one count of using weapons while intoxicated, in violation of R.C.2923.15.
On September 30, 1998, Mr. Cushion filed a motion to suppress oral statements that he allegedly made during his "custody and interrogation" on August 8, 1998. Appellant claimed that as he was extremely inebriated, he did not make a knowing, intelligent, and voluntary waiver of his Miranda rights. On November 4, 1998, Mr. Cushion supplemented his motion to include the statements that he made on August 9, 1998 as well. On November 4, 1998, an evidentiary hearing was held. In an order journalized on November 23, 1998, after making findings of fact for the purpose of the motion to suppress, the trial court held that
 any statements made by [Mr. Cushion] during his interrogation in the back of the Springfield Township Police cruiser and by Detective Victor are suppressed; any statements made by [Mr. Cushion] during his interrogation at Akron City Hospital by Officer Johnstonbaugh, and later at the Springfield Township Police Department are admissible and should not be suppressed; and any voluntary comments and confessions by [Mr. Cushion] are admissible and should not be suppressed.
A jury trial was held from February 22 to 25, 1999. On February 22, 1999, upon defense counsel's motion, the trial court ordered a separation of witnesses. During trial, a witness for the state, Carmen Marino, who is a Cuyahoga County prosecutor, sat in the courtroom while Detective Johnstonbaugh was testifying. Mr. Cushion's attorney objected to Mr. Marino testifying as Mr. Marino had violated the order for separation of witnesses. The trial court overruled appellant's objection, and Mr. Marino was permitted to testify. In a verdict journalized on March 1, 1999, Mr. Cushion was found not guilty of attempted murder, but was convicted on all of the other charges contained in the indictment. Mr. Cushion was sentenced accordingly. This appeal followed.
Appellant asserts two assignments of error. We will discuss each in due course.
 II. A.
First Assignment of Error
THE APPELLANT WAS DENIED HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION WHEN THE TRIAL COURT ADMITTED INCRIMINATING STATEMENTS WITHOUT APPELLANT GIVING A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF HIS MIRANDA [sic] RIGHTS.
Mr. Cushion argues that his Fifth Amendment right against self-incrimination was violated when the trial court admitted incriminating statements which were made without a knowing, intelligent, and voluntary waiver of his Miranda rights. We disagree.
The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In the case at bar, appellant provided this court with a five volume transcript of the trial proceedings; however, Mr. Cushion failed to furnish this court with a transcript of the evidentiary hearing on appellant's Motion to Suppress Oral Statements, which was held on November 4, 1998.[1] In his brief, Mr. Cushion repeatedly quoted testimonies from the suppression hearing transcript and relies on these testimonies, among other evidence, for his argument. We conclude that as Mr. Cushion did not provide this court with a transcript of the suppression hearing held on November 4, 1998, this court is unable to pass upon the issue raised in appellant's first assignment of error and must presume the validity of the trial court's proceedings; hence, we find that we must affirm the trial court's decision regarding the suppression of Mr. Cushion's statements. Accordingly, Mr. Cushion's first assignment of error is overruled.
 B.
Second Assignment of Error
THE APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS WHEN THE TRIAL COURT ABUSED ITS DISCRETION AND PERMITTED A WITNESS FOR THE STATE TO TESTIFY THAT HAD VIOLATED AN ORDER FOR THE SEPARATION OF WITNESSES.
Mr. Cushion asserts that he was denied his due process rights when the trial court abused its discretion by permitting a witness for the state to testify after the witness had violated an order for the separation of witnesses. This argument is without merit.
In pertinent part, Evid.R. 615 states that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]" The separation order prevents a witness from hearing other witnesses' testimonies and then tailoring his or her testimony accordingly. State v.Waddy (1992), 63 Ohio St.3d 424, 434. "Thus, a spectator or witness may not tell a prospective witness what has taken place in court if the judge has ordered separation of witnesses." Id., citing State v. Spirko (1991), 59 Ohio St.3d 1, 14. Furthermore, this court has previously held that "[a] trial court's determination to allow a witness to testify despite a violation of its separation order will not be reversed on appeal, absent an abuse of discretion." State v. Tichon (1995), 102 Ohio App.3d 758,764. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
In the case at bar, we find that the trial court did not abuse its discretion by permitting Mr. Marino to testify, despite Mr. Marino's violation of the trial court's separation of witnesses order. It must first be noted that Mr. Marino was called to testify about the Cuyahoga County Prosecutor's Office's policies regarding prosecutors carrying guns and badges. He was not called to testify about the investigation or any other factual matters concerning the shooting of Ms. Woods. Before testifying, Mr. Marino overheard part of Detective Johnstonbaugh's testimony while he was seated in the courtroom, in violation of the order for the separation of witnesses. Detective Johnstonbaugh testified to the investigation and to the facts surrounding Mr. Cushion's arrest. Consequently, we find that as Mr. Marino was testifying regarding the policies of the Cuyahoga County Prosecutor's Office and not the investigation of Mr. Cushion's crimes, Mr. Marino's testimony was not tainted when he overheard Detective Johnstonbaugh's testimony. Furthermore, the trial court informed the jury that Mr. Marino had listened to another witness's testimony in contravention of the separation of witnesses order, thereby allowing the jury to assess Mr. Marino's credibility accordingly. Therefore, we conclude that the trial court did not abuse its discretion by permitting Mr. Marino to testify despite his violation of the separation order. Mr. Cushion's second assignment of error is hereby overruled.
 III.
Accordingly, appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT BAIRD, P.J., WHITMORE, J.,concur.
[1] On March 23, 1999, Mr. Cushion filed a praecipe with the court reporter, but only requested that the court reporter "prepare a complete transcript of proceedings of the Trial of [Mr. Cushion]." The suppression hearing transcript was at least eighty-five pages long, as Mr. Cushion quotes some of Detective Ronald H. Victor's testimony from page eighty-five of the transcript of the suppression hearing.