Appellant, the City of Akron ("the City"), appeals the suppression order of the Akron Municipal Court. We affirm.
On September 16, 1997, Warren Brustoski, appellee, was involved in an accident at the intersection of I-76 and I-77. Mr. Brustoski, while entering the highway via the entrance ramp, drove into the rear of one of the vehicles, which was waiting to enter the freeway. Emergency medical personnel arrived at the scene soon after the accident, finding Mr. Brustoski to be injured. While being treated, Mr. Brustoski vomited. Akron Police Officers arrived on the scene soon after that. They noticed that Mr. Brustoski's vomit smelled of alcohol and also questioned Mr. Brustoski about the incident. Mr. Brustoski was then transported to the hospital where he was treated further and where a blood alcohol test was performed.
On October 23, 1997, Mr. Brustoski was charged with operating a motor vehicle at a speed greater than that which would permit him to bring the vehicle to a stop within an assured clear distance, in violation of Akron City Code Section 73.20(A), and operating a motor vehicle while under the influence of alcohol, in violation of Akron City Code Section 73.01(A)(1). On December 1, 1997, Mr. Brustoski moved to suppress all evidence of observations made by the officers at the accident scene and any statements made by Mr. Brustoski to those officers with respect to the charge of driving under the influence. In the alternative, he moved to dismiss the charge. Following a hearing, the trial court found that Mr. Brustoski's citation was not supported by probable cause and granted the motion to dismiss. The City appealed to this court. On March 24, 1999, we reversed the trial court, remanding the case for further proceedings.
On June 17, 1999, Mr. Brustoski moved to suppress as evidence the testimony of the Akron Police Officers who were at the accident scene as well as the testimony of the medical personnel at the scene as to the odor, which emanated from his vomit. He also moved to suppress as evidence his statements at the hospital or accident scene regarding his consumption of alcohol. Finally, he requested that the result of the medical tests performed at the hospital, including a blood alcohol level, be suppressed as evidence. The trial court granted his motion on July 28, 1999. This appeal followed.
The City asserts three assignments of error. To facilitate review, we will address them together.
First Assignment of Error
 THE TRIAL COURT ERRED BY ORDERING THE SUPPRESSION OF TESTIMONY AS TO "ANY TESTIMONY OF ANY AKRON POLICE OFFICERS OR EMS WORKERS AS TO ODOR OF ALCOHOL."
Second Assignment of Error
 THE TRIAL COURT ERRED BY ORDERING THE SUPPRESSION OF ANY STATEMENTS OF THE DEFENDANT AT THE ACCIDENT OR AT THE HOSPITAL AND OF ANY OTHER STATEMENTS BY THE DEFENDANT REGARDING DEFENDANT'S CONSUMPTION OF ALCOHOL.
Third Assignment of Error
 THE TRIAL COURT ERRED BY ORDERING THE SUPPRESSION OF RESULTS OF ANT [sic] MEDICAL TESTS PERFORMED ON THE DEFENDANT AT THE HOSPITAL.
 The City asserts that the trial court erred when it suppressed evidence, which was obtained at the accident scene and at the hospital. Moreover, the City avers that no search or seizure occurred prior to the discovery of the evidence, which the trial court ordered suppressed. We, however, are unable to determine the underlying facts of the case at bar due to the lack of an official transcript; therefore, we must presume regularity and affirm.
The City has submitted a transcript of the proceedings before the trial court produced by an unofficial court reporter. Loc.R. 5(A)(2)(a) of the Ninth Appellate Judicial District provides:
(2) Proceedings Recorded by Videotape or Audiotape.
 (a) No Official Court Reporter. In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
 (Emphasis added.) The City did not provide this court with a statement of the trial court as is required by either App.R. 9(C) or App.R. 9(D). Consequently, this court cannot consider the transcript filed by the City, and our review is limited to the exhibits contained in the record and the trial court's opinion.
The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
One has the identical protection from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, as they are coextensive. State v. Robinette (1997), 80 Ohio St.3d 234,238. The Fourth Amendment to the United States Constitution protects one from unreasonable searches — when one has a legitimate expectation of privacy in the premises searched — and seizures.Rakas v. Illinois (1978), 439 U.S. 128, 139, 143, 58 L.Ed.2d 387,398, 401. Warrantless searches are per se unreasonable. State v.Myers (1997), 119 Ohio App.3d 376, 379-80, citing Katz v.United States (1967), 389 U.S. 347, 19 L.Ed.2d 576. An exception to this rule exists for searches incident to a lawful arrest. Myers,119 Ohio App.3d at 380, citing Chimel v. California (1969),395 U.S. 752, 23 L.Ed.2d 685. Where the police officer has probable cause to arrest independent of the items obtained in the search, but does not arrest until shortly after the search, the search is not offensive to the Fourth Amendment to the United States Constitution. Rawlings v. Kentucky (1980), 448 U.S. 98, 111,65 L.Ed.2d 633, 645-46. Where there is no probable cause to arrest, the arrest is invalid, rendering inadmissible any evidence seized during the search. See State v. Ostrowski (1972), 30 Ohio St.2d 34,40. "The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality, or `fruit of the poisonous tree.'" State v. Carter
(1994), 69 Ohio St.3d 57, 67, citing Nardone v. United States
(1939), 308 U.S. 338, 84 L.Ed. 307
In the instant case, the trial court ordered that the evidence be suppressed because it was derived from an arrest or seizure without probable cause. As we have no official transcript to pass upon, we are unable to determine when a seizure or arrest occurred, whether it was supported by probable cause, or whether the discovery of certain pieces of evidence flowed from and were tainted by the illegal arrest or seizure. Hence, we must presume the validity of the trial court's findings and affirm the decision of the trial court. The City's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER FOR THE COURT
BAIRD, J. and WHITMORE, J. CONCUR