DECISION AND JOURNAL ENTRY
Defendant Juneo Atwane Benjamin has appealed from an order from the Wayne County Court of Common Pleas that denied his motion to return seized property. This Court affirms.
 I.
On November 13, 1998, the Medway Drug Enforcement Agency executed a search warrant at Defendant's residence.[1] The Agency seized crack cocaine rocks and approximately $24,000. Defendant, his wife Tameka Tyler, and Jasper Bonecutter were arrested.[2] On November 18, 1998, Defendant was indicted on two counts of possession of drugs and one count of illegal use of food stamps. Defendant was also indicted for trafficking cocaine with a forfeiture specification on December 4, 1998. Defendant and the State entered into a plea agreement on July 19, 1999 wherein Defendant entered a plea of guilty to one count of possession of cocaine and one count of trafficking cocaine with a forfeiture specification. The trial court dismissed the remaining charges and sentenced Defendant to a term of six years in prison. A separate journal entry forfeited the money seized from Defendant's residence to the Medway Drug Enforcement Agency, pursuant to R.C. 2925.42. On March 1, 2000, Defendant filed a motion in the trial court to return his seized property. The trial court denied his motion on March 28, 2000. Defendant timely appealed, asserting two assignments of error.[3]
 II. A.
Assignment of Error Number One
 The trial court erred to the detriment of [Defendant] by failing to conduct an evidentiary hearing upon [Defendant's] motion for return of seized property before denying the motion.
In his first assignment of error, Defendant has asserted that the trial court erred when it denied him a forfeiture hearing.[4] Specifically, Defendant has argued that at the time of his plea agreement, the trial court failed to inform him of his right to a forfeiture proceeding. This Court disagrees.
As a preliminary matter, this Court notes that Defendant has failed to provide this Court with an adequate record. It is Defendant's responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support his assignments of error. See Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
In the case at bar, the December 4, 1998 indictment indicated that Defendant was notified of the forfeiture of his money. The record further reveals that Defendant signed a plea agreement, which stated on the second page that the money would be forfeited. In reviewing this case, this Court notes that there is no transcript of Defendant's plea hearing before the trial court. In the absence of such, this Court must presume the regularity of the trial court's proceeding. Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two
 [Defendant] was denied the right to the effective assistance of counsel where counsel advised [Defendant] to plead to the trafficking count and the forfeiture specification without demand for a separate forfeiture hearing, in contravention of his Sixth Amendment right and Section 9, Article 1 of the Ohio Constitution and the Excessive Fines Clause of the United States Constitution.
In his second assignment of error, Defendant has asserted that his constitutional rights were violated because his trial counsel did not inform him of his right to a forfeiture hearing. Because Defendant alleged a violation of his constitutional rights, his petition is one for postconviction relief and is governed by the requisite time period under R.C. 2953.21. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
R.C. 2953.21 establishes procedures for filing a petition for postconviction relief. R.C. 2953.21(A)(2) requires that:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Defendant was convicted and sentenced on July 19, 1999. Defendant filed three prior appeals in this case, which were all ultimately dismissed. He filed this petition on April 6, 2000, clearly after his window for postconviction relief had closed. As a result, his petition was not timely and need not be addressed by this Court.
 III.
Defendant's first assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE
FOR THE COURT, BATCHELDER, P.J., BAIRD, J., CONCUR.
[1] Medway is an agency in Orrville that specializes in undercover drug investigations.
[2] This Court notes that Defendant's wife and Jasper Bonecutter have not filed an appeal.
[3] Defendant filed three prior appeals concerning this case. The first two appeals were voluntarily dismissed, while the third appeal was dismissed as untimely.
[4] This Court notes that the State has failed to respond to Defendant's arguments.