This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Bobby Berger dba Berger's Antique Classic ("Berger"), appeals the decision of the Cuyahoga Falls Municipal Court, which entered judgment in favor of appellee, Leroy J. Ceccardi, Jr. ("Ceccardi"). This Court affirms.
On July 17, 2001, Ceccardi filed a complaint against Berger in the small claims division of the Cuyahoga Falls Municipal Court. The claim alleged breach of warranty by Berger. A hearing was held before a magistrate on August 13, 2001. The magistrate found in favor of Ceccardi. Berger filed objections to the magistrate's decision. In an entry journalized August 5, 2001, the trial court adopted the magistrate's decision and entered judgment in favor of Ceccardi.
Berger timely appealed and has set forth two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT-APPELLANT'S WRITTEN "MOTION" FOR JOINDER THAT WAS FILED PRO S.E. AND LABELED "OBJECTIONS", AS WELL AS DEFENDANT-APPELLANT'S ORAL MOTION FOR JOINDER AT THE MAGISTRATE'S ORIGINAL HEARING, WHEN HE FIRST ASKED THE COURT TO SUPPENI" (sic) OR JOIN AETNA ROAD AUTO WRECKING COMPANY AS A THIRD PARTY DEFENDANT[.]"
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN CONTRAVENTION TO THE SPIRIT OF THE CIVIL RULES, IN THAT THE MERITS, AND NOT TECHNICALITIES, SHOULD BE THE DECIDING FACTOR IN OUR SYSTEM OF JURISPRUDENCE, SINCE GOOD FAITH IS INTRINSIC TO THE OHIO REVISED CODE AND OHIO'S RULES OF CIVIL PROCEDURE[.]"
As an initial matter, this Court notes that there was no court reporter present at the trial court proceedings. Loc.R. 5(A)(2) of the Ninth Appellate Judicial District provides:
"In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court."
The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support the appellant's assignments of error. Volodkevichv. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Appellant has failed to request or submit a transcript or other record of proceedings, and therefore this Court has no record upon which to consider such a claim. The only record provided is the trial court docket and journal entries. These do not present an adequate basis for review of the evidence produced at trial.
In the absence of a complete record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409. The judgment of the trial court is, therefore, affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.