This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas James, appeals from the judgment of the Cuyahoga Falls Municipal Court. We affirm.
{¶ 2} On December 23, 2001, Mr. James was charged with one count of driving under the influence, in violation of Cuyahoga Falls Codified Ordinance 333.01(a)(1), one count of operating a vehicle with a prohibited breath alcohol concentration, in violation of Cuyahoga Falls Codified Ordinance 333.01(a)(3), and one count of weaving course, in violation of Cuyahoga Falls Codified Ordinance 331.34.
{¶ 3} Mr. James was arraigned on all counts and filed a motion to suppress all evidence. A hearing on the motion to suppress was held on March 5, 2002; testimony was presented, and, on March 15, 2002, the trial court denied the motion except with regard to the field sobriety tests, which were deemed inadmissible. Thereafter, on April 22, 2002, Mr. James entered a plea of no contest to the charges. The trial court proceeded to sentence Mr. James. This appeal followed.
{¶ 4} Mr. James raises two assignments of error. We will consider them together.
 First Assignment of Error
{¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE BAC DATAMASTER TEST RESULTS BECAUSE THE PROSECUTION FAILED TO SHOW SUBSTANTIAL COMPLIANCE BY AN INSTRUMENT REPAIR CHECK AFTER REPAIRS WERE PERFORMED ON THE MACHINE."
 Second Assignment of Error
{¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO SUPPRESS ALL EVIDENCE OBTAINED AS A RESULT OF DEFENDANT-APPELLANT'S ARREST BECAUSE DEFENDANT-APPELLANT'S ARREST WAS NOT BASED ON PROBABLE CAUSE AND THUS IT VIOLATED HIS RIGHTS UNDER THE FOURTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
{¶ 7} In his first assignment of error, Mr. James asserts that the trial court erred in denying his motion to suppress evidence because the prosecution did not demonstrate substantial compliance with the Ohio Administrative Code regulations governing instrument checks on blood alcohol testing devices. In his second assignment of error, he asserts that the trial court erred in denying the motion to suppress because his arrest was not based on probable cause.
{¶ 8} As an initial matter, on appeal, this Court may only consider a transcript prepared by an official court reporter. City ofTwinsburg v. Atkins, 9th Dist. No. 20510, 2001-Ohio-1400. An official court reporter "is the person appointed by the trial court to transcribe the proceedings for the trial court ***. If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." App.R. 9(B). A statement made pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court. Pursuant to App.R. 12(A)(1)(b), a court of appeals is limited in reviewing an appeal to the record provided under App.R. 9.
{¶ 9} This Court notes that, as the appellant, Mr. James has the responsibility of providing this Court with a record of facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. Specifically, it is Mr. James' duty to transmit the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has "no choice but to presume the validity of the [trial] court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
{¶ 10} In the present case, a hearing was held on Mr. James' motion to suppress. Mr. James has submitted a transcript of the hearing. Upon review, it appears that there is no evidence that the documents entitled "TRANSCRIPT OF PROCEEDINGS" were transcribed by an official court reporter. The transcript filed with this court does not contain a signed affidavit of the court reporter who transcribed the proceedings certifying that such person is the official court reporter. See Atkins.
Also, there was not a copy of a journal entry from a trial court appointing such person as the official court reporter for the purpose of transcribing the proceedings. Id. Moreover, Mr. James did not provide this Court with a statement of the trial court as required by either App.R. 9(C) or 9(D). Consequently, this Court cannot consider the transcript filed by Mr. James.
{¶ 11} As the transcript is necessary for a determination of Mr. James' assignments of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. SeeKnapp, 61 Ohio St.2d at 199. Mr. James' assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
BAIRD, P.J. and CARR, J., CONCUR.