DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David Budzik, appeals from the judgment of the Avon Lake Municipal Court, which granted judgment in favor of appellees, Citifinancial, Inc. ("Citifinancial") and American Health and Life Insurance Company ("American"). We affirm.
 {¶ 2} On February 4, 2001, Citifinancial filed a complaint against Mr. Budzik alleging that he failed to pay on a promissory note ("Note"). Mr. Budzik answered the complaint, admitting that Citifinancial is the holder of the Note, and asserting the defenses of failure to join an indispensable party, duty to mitigate, estoppel and/or waiver, and recoupment and/or set-off pursuant to the Truth in Lending Act. Mr. Budzik counterclaimed for breach of fiduciary duty. Citifinancial replied to the counterclaim and asserted the defenses of failure to state a claim, res judicata, collateral estoppel, accord and satisfaction, laches, and ripeness.
 {¶ 3} Mr. Budzik filed a third-party complaint against American alleging that it was liable to him for the amount owed on the Note. American answered the complaint and asserted the defenses of failure to state a claim, res judicata, collateral estoppel, accord and satisfaction, and laches. The case proceeded to trial where the trial court found in favor of Citifinancial in the amount of $15,000, plus interest at ten percent from June 4, 2002. The trial court further found for Citifinancial on Mr. Budzik's counterclaim and for American on Mr. Budzik's third-party complaint. This appeal followed. Mr. Budzik asserts four assignments of error. We will consider them together.
 First Assignment of Error
"The Trial Court Committed Reversible Error In Failing To Recognize Mr. Budzik's Tila Recoupment Defense."
 Second Assignment of Error
"The Trial Court Committed Reversible Error In Failing To Find That There Was A Tila Violation."
 Third Assignment of Error
"The Trial Court Committed Reversible Error In Failing To Find That Citifinancial Owed A Fiduciary Duty To Mr. Budzik."
 Fourth Assignment of Error
"The Trial Court Committed Reversible Error In Failing To Find That Citifinancial Breached Its Fiduciary Duty To Mr. Budzik."
 {¶ 4} In his first and second assignments of error, Mr. Budzik asserts that the trial court erred by failing to recognize his Truth in Lending Act recoupment defense, and in failing to find that there was a Truth in Lending Act violation. In his third and fourth assignments of error, Mr. Budzik asserts that the trial court erred in failing to find that Citifinancial owed him a fiduciary duty, and in failing to find that Citifinancial breached that duty.
 {¶ 5} As an initial matter, we will address the issues regarding the record on appeal. Pursuant to App.R. 9, a videotape, if certified by the official court reporter, constitutes a transcript of proceedings; however, counsel for the appellant must transcribe the relevant portions of the videotape, certify its accuracy, and attach the transcribed portions to the appellant's brief. App.R. 9(B) states that "[i]f there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized."
 {¶ 6} The trial in this case was recorded on videotape; however, the record on appeal does not contain a certified videotape of the trial proceedings. Instead, Mr. Budzik submitted a written transcript of the trial proceedings. The videotape was transcribed by Mark Eppler, employee of Legal Electronic Recording, Inc. Mr. Budzik moved to designate Legal Electronic Recording, Inc. as an official court reporter for this case. Mr. Budzik argues that the trial court granted his motion; however, the November 8, 2002 journal entry does not grant or deny such motion. Rather, the journal entry states "Motion to designate Legal Electronic Recording as court reporter for this case subject to rules and procedures of court." While this journal entry is signed by the trial court, it does not designate anyone as an official court reporter. Consequently, we find that the submitted written transcript is not properly part of the record before this Court, and cannot be considered in determining the assignments of error. The record does not reflect that Mr. Budzik attempted to comply with either App.R. 9(C) or App.R. 9(D).
 {¶ 7} Mr. Budzik is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. It is the appellant's duty to transmit the transcript of proceedings. See App.R. 10(A); Loc.R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the trial court's proceedings and affirm.'" Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, at ¶ 9, quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
 {¶ 8} As a transcript is necessary for a determination of Mr. Budzik's assignments of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. SeeKnapp, 61 Ohio St.2d at 199. Mr. Budzik's assignments of error are overruled. The judgment of the Avon Lake Municipal Court is affirmed.
Judgment affirmed.
BAIRD, J. CONCUR.