DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Randolph Wilkins, appeals from the decision of the Summit County Court of Common Pleas that denied his motion for relief from judgment pursuant to Civ.R. 60(B). We affirm.
 I. {¶ 2} The appeal arises from an indictment issued in 1986. Specifically, in early 1986, the Summit County Grand Jury indicted Mr. Wilkins on one count of rape, in violation of R.C. 2907.02(A)(1). A jury trial followed. The jury found Mr. Wilkins guilty, and the trial court sentenced him accordingly. Mr. Wilkins timely appealed his conviction to this court and, on December 24, 1986, this court affirmed his conviction. State v. Wilkins (Dec. 24, 1986), 9th Dist. No. 12624.
 {¶ 3} Subsequently, while Mr. Wilkins was on parole, the Summit County Grand Jury indicted him on one count of rape, in violation of R.C. 2907.02(A)(1)(b). Following the jury trial, the jury returned a verdict of guilty. The trial court sentenced him appropriately and found him to be a sexual predator. Mr. Wilkins again filed a timely notice of appeal. This court reversed his conviction, and remanded the case to the trial court for proceedings consistent with the decision. State v.Wilkins (Sept. 29, 1999), 9th Dist. No. 19315.
 {¶ 4} Upon remand, the trial court ordered the indictment dismissed, and Mr. Wilkins then stipulated to the court's categorization of him as a sexual predator. On May 4, 2001, Mr. Wilkins apparently moved for relief from judgment pursuant to Civ.R. 60(B).[1] The trial court denied his motion. It is from this decision that Mr. Wilkins timely appeals and raises one assignment of error for review.
 II. Assignment of Error
"A Trial Court Errs In Violation Of The Fifth And Fourteenth Amendment Right To Due Process Under The United States Constitution And Article I, Section 16 Of The Ohio Constitution When It Summarily Denies A Motion For Relief From A Sexual Predator Adjudication Without Holding A Hearing Or Considering The Merits."
 {¶ 5} In his sole assignment of error, Mr. Wilkins contends that the trial court erroneously denied his motion for relief from judgment without holding a hearing or considering the merits of his motion. Mr. Wilkins' contention lacks merit.
 {¶ 6} This court notes that the record does not contain Mr. Wilkins' motion for relief from judgment. App.R. 9 and Loc.R. 5(A) places an affirmative duty on Mr. Wilkins to provide this court with an adequate record. "A presumption of validity attends the trial court's action. In the absence of an adequate record, * * * we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision." Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. See, also, Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. As a result of Mr. Wilkins' failure to provide the motion for relief from judgment considered by the trial court, Mr. Wilkins has not demonstrated the error assigned. Consequently, Mr. Wilkins' assignment of error is overruled.
 III. {¶ 7} Mr. Wilkins sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J.
BAIRD, J. CONCUR
[1] This court uses the phrase "apparently moved for relief from judgment" because the record on appeal fails to contain Mr. Wilkins' motion nor does the "Transcript of Docket and Journal Entries" contain such entry. Although we are cognizant that the State attached to its brief the motion for relief from judgment, this does not render the motion part of the record on appeal and, therefore, cannot be considered by this court. See Ferraro v. B.F. Goodrich Co.,149 Ohio App.3d 2002-Ohio-4398, at ¶ 38, fn. 5.