JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Daries Sherrills, proceeding pro se, appeals from the trial court order that denied his motion for "Judgment on the Pleadings."
 {¶ 2} Although his argument is difficult to decipher, appellant apparently asserts the trial court erred by failing to construe as true the allegations of his original motion, in which he claimed that the state failed to return his property although ordered to do so by the trial court.
 {¶ 3} Appellant's assertion is rejected. Consequently, the trial court's order is affirmed.
 {¶ 4} The record reflects that on October 1, 1985 appellant was indicted in this case with a co-defendant on two counts. Appellant was charged with receiving stolen property and with possession of criminal tools.
 {¶ 5} Appellant's case proceeded to a bench trial; subsequently, on January 14, 1986 the trial court ordered his acquittal on the charges.
 {¶ 6} On February 7, 1986 appellant's assigned counsel filed with the court a motion for return of property, viz., a 1975 Pontiac Firebird automobile. On March 10, 1986 the trial court granted the motion.
 {¶ 7} On March 22, 2004, over eighteen years later, appellant filed another motion for return of property. He asserted therein that "the City" had not complied with the order of March 10, 1986. In September, he followed with a motion for "summary judgment." Appellant continued to claim he never received return of his property, but filed no evidence to support such a claim.
 {¶ 8} On December 16, 2004 appellant filed a motion for "default judgment." The trial court denied this motion.
 {¶ 9} In January 2005, the state moved to dismiss the matter. Subsequently, on May 8, 2005 appellant filed his "motion for judgment on the pleadings," citing Civ.R. 12(B) and 60(B).
 {¶ 10} The trial court denied his motion without opinion. It is from this order that appellant filed his notice of appeal.
 {¶ 11} Appellant's assignment of error states:
 {¶ 12} "I. The trial court error (sic) by denying defendant-appellant's motion for judgment on [the] Pleadings."
 {¶ 13} Appellant essentially argues that, simply because hemakes the assertion, there was no compliance with the trial court's 1986 order for return of his property. Appellant's argument is rejected.
 {¶ 14} As an initial matter, assuming appellant's claim has some merit, he not only waited too long but also utilized the wrong action to obtain redress; his proper remedy was timely to file a separate "action in replevin, [in] the same way [as] a bailor who sought return of his property would sue a bailee."State v. Young (May 3, 1991), Richland App. No. CA-2810.
 {¶ 15} Additionally, contrary to appellant's argument, this court presumes regularity of the proceedings below. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197; Volodkovich v.Volodkovich (1989), 48 Ohio App.3d 313. Thus, mere allegations are insufficient to overcome the presumption. In the absence of any countervailing evidence, therefore, this court presumes the trial court's 1986 order was effective.
 {¶ 16} If it were not so, it is reasonable to assume appellant's assigned counsel would have informed the court in an expeditious manner, rather than permitting his client to wait eighteen years to enforce the rights the order gave him. Cf., e.g., State v. Akers (Aug. 22, 1997), Portage App. No. 95-P-0132.
 {¶ 17} For the foregoing reasons, appellant's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Cooney, J. concur