DECISION AND JOURNAL ENTRY
Appellant, Detrick B. Clemens, appeals the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
On October 20, 1994, Mr. Clemens was indicted by the Summit County Grand Jury on one count of aggravated robbery, in violation of R.C. 2911.01(A)(2). On February 7, 1995, he was supplementaly indicted for obstructing justice, in violation of R.C. 2921.32, and intimidation of a crime victim or witness, in violation of R.C. 2921.04. Upon a motion by the State of Ohio ("the State"), appellee, the trial court amended aggravated robbery to the lesser included offense of robbery and dismissed the charge of intimidating a crime victim or witness on February 21, 1995. Thereupon, Mr. Clemens pleaded guilty to robbery, in violation of R.C. 2911.02, and obstructing justice, in violation of R.C.2921.32. Mr. Clemens was sentenced accordingly on April 18, 1995.
On July 18, 1996, Mr. Clemens moved for shock probation. The trial court denied the motion on August 12, 1996. On June 16, 1999, Mr. Clemens moved to withdraw his plea of guilty. The trial court denied his motion on August 11, 1999. This appeal followed.
Mr. Clemens asserts two assignments of error. As they implicate similar issues, we will address them together.
 First Assignment of Error THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT'S MOTION TO WITHDRAW HIS PREVIOUSLY ENTERED GUILTY PLEA WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
 Second Assignment of Error THE APPELLANT WAS NOT PROPERLY INFORMED OF HIS CONSTITUTIONAL RIGHTS PURSUANT TO CRIMINAL RULE 11 AND AS A MATTER OF LAW THE APPELLANT SHOULD BE PERMITTED TO WITHDRAW HIS PLEA.
Mr. Clemens avers that the trial court erred in concluding that, because in a direct appeal he did not raise the trial court's alleged error in failing to apprise him of the waiver of his constitutional rights upon his plea of guilty, his argument is barred by res judicata in a Crim.R. 32.1 motion to withdraw his guilty plea. We disagree.
Mr. Clemens argues that the trial court failed to explain and, thereby, obtain waiver of his constitutional rights pursuant to Crim.R. 11. Rather than raising this issue on direct appeal, he has moved to withdraw his guilty plea pursuant to Crim.R. 32.1. Although Mr. Clemens styled his motion as governed by Crim.R. 32.1, his motion was, in essence, a petition for post-conviction relief. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
Defendant is entitled to post-conviction relief if "there was such a denial or infringement of [his rights] as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. However,
 [u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at paragraph nine of the syllabus. "To survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record."State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3. "The fact that Defendant did not undertake a direct appeal from [his] * * * conviction and sentence does not change the application of the res judicata doctrine."State v. Quiles (Jan 2, 1997), Lorain App. No. 96CA006312, unreported, at 3.
Mr. Clemens could have raised the trial court's alleged violation of Crim.R. 11, by failing to inform him of his constitutional rights, on direct appeal. The error that he avers occurred was allegedly apparent on the face of the record. Hence, we conclude that the trial court did not err in concluding that those arguments were barred by res judicata in a subsequent motion for post conviction relief. Moreover, assuming arguendo that his argument is not barred by res judicata, on the merits of Mr. Clemens's Crim.R. 32.1 motion, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. The transcript of the sentencing hearing was not included in the record before us on appeal. The appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters, which are necessary to support the appellant's assignments of error.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Accordingly, Mr. Clemens's assignments of error are overruled.
Mr. Clemens's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
BAIRD, J. and WHITMORE, J. CONCUR.