DECISION AND JOURNAL ENTRY
Appellants, Rosemary Collier and Alan Junke ("Appellants"), appeal from a judgment of the Medina County Court of Common Pleas that entered judgment on Appellants' claim in the amount of $5,000 and judgment for appellees, Matthew and Elizabeth Dorcik, on the Dorciks' counterclaim in the amount of $5,001. This Court affirms in part and reverses in part.
Appellants are the owners of a parcel of property located at 985 West 130th Street in Hinkley, Ohio. The Dorciks own the adjoining parcel located at 995 West 130th Street. The Dorciks purchased their parcel during 1990 and constructed a new home. Prior to construction, they had the property surveyed. During 1992, the Dorciks made plans to build a barn on their property. Because a gas easement limited where they could locate their barn, they sought and obtained a variance from the local zoning requirement for their side-yard setback. The Dorciks relied on what they mistakenly believed were the stakes from the 1990 survey to determine the location of their property line.
Appellants moved into their home after the Dorciks' barn was completely constructed. Appellants had their property surveyed in 1994. The survey revealed that an entire side of the Dorciks' barn, sixty feet in length, encroached on Appellants' property by as much as four feet at one corner. A concrete pad outside of the barn also encroached on Appellants' property. Another dispute developed between these neighbors over the flow of runoff water from their properties. Due to the Dorciks' construction projects, the natural terrain, and efforts by each party to divert the flow of water, water accumulated on each property.
Appellants brought this action against the Dorciks, seeking injunctive relief to have the encroachment removed and to restore the natural flow of water on their property. They also sought damages for the Dorciks' interference with the use and enjoyment of their property. The Dorciks counterclaimed for damages stemming from Appellants' alleged obstruction of the flow of water from their property.
Following a jury trial, the trial court entered a damage judgment for Appellants in the amount of $5,000, judgment for the Dorciks in the amount of $5,001, and ordered, among other things, that the Dorciks remove the concrete pad from Appellants' property. The trial court did not order the Dorciks to remove the encroaching portion of the barn. Appellants appeal and raise fourteen assignments of error that will be consolidated and rearranged for ease of discussion.
Initially, this Court notes that, prior to building the barn, the Dorciks obtained a variance from the side-yard setback requirements of the local zoning ordinances. Although Appellants now raise questions about the manner in which the variance was obtained, this Court has no jurisdiction to address the propriety of the variance procedure in this appeal. Any challenge to the zoning variance should have been raised through an administrative appeal from the decision granting the variance. See Concord Twp. Trustees v. Hazelwood Builders, Inc. (May 16, 1997), Lake App. No. 96-L-075, unreported, 1997 Ohio App. LEXIS 2140, at *9. Consequently, this Court will not address those challenges.
Appellants' first two assignments of error pertain to the jury's view of the property in question. They assert, among other things, that the jury should not have been permitted to view the property after heavy rains, that the trial court failed to adequately control the jury while at the site, and that the trial court should not have allowed the jury to view the site before any other evidence was presented.
 The record reveals that, at the beginning of the trial, the jury was taken to the property in question to view the site. There is nothing in the record, however, to indicate that Appellants raised any objection to the jury view. Generally, in civil cases, errors which arise during the course of the proceedings and are not brought to the attention of the trial court by objection, or otherwise, at the time they could be remedied, are waived and may not be reviewed on appeal. Lefort v. Century 21 — Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Plain error is recognized in the civil context "only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process[.]" Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
No record was made of what transpired during the jury view. Thus, it is impossible for Appellants to demonstrate any error, much less one that "seriously affect[ed] the basic fairness, integrity, or public reputation of the judicial process." Appellants have the responsibility of providing this Court with a record of the facts that are necessary to support their allegations of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Without the portions of the record necessary for resolution of the assigned error, this Court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Because Appellants have failed to demonstrate any error on the record, their first and second assignments of error are overruled.
Appellants' third assignment of error is that the trial court erred in failing to order the Dorciks to remove the barn from their property. Appellants challenge the trial court's factual findings on this issue as well as the legal conclusions drawn from those facts. This Court will address each challenge in turn.
Appellants first contend that the trial court erroneously found that the Dorciks did not willfully cause the encroachment. Although Appellants concede that the Dorciks presented testimony to support such a conclusion, they contend that Mr. Dorcik's testimony was not credible. Specifically, they assert that a comparison of his trial testimony and his prior deposition testimony "clearly indicates" that his testimony was "conflicting, evasive, deceptive and false." Appellants point to no particular inconsistencies, however. This Court will not search the record for evidence to support these allegations. State v. Boyts (July 24, 1996), Summit App. Nos. 17453, 17490, unreported, at 6. It is the burden of the Appellant to demonstrate error on appeal. Pennant Molding,Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248, 251. Moreover, even if there were inconsistencies in Mr. Dorcik's testimony, the trial judge apparently believed his testimony, which was within his province as trier of fact on the equitable claims. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Therefore, this Court will defer to the trial court's factual finding that the Dorciks did not intentionally build their barn over the property line.
Had the trial court found the encroachment to have been intentional, it most likely would have ordered the Dorciks to remove the encroachment. See Miller v. W. Carrollton (1993), 91 Ohio App.3d 291, 298. In cases where the encroachment was not intentional, courts will balance the equities of the parties, weighing the relative conveniences and comparative injuries to each party that would result from granting or refusing to grant injunctive relief. See Id. at 296-298. Although a balancing test of sorts is applied, it must always be understood that the party causing the encroachment, even if he has done so unintentionally, has trampled upon the property rights of another. "The law holds a high regard for an individual's right to own property and treats harshly those who infringe upon that right." Fairman v. Vecchione (Mar. 30, 1984), Trumbull App. No. 3172, unreported, 1984 Ohio App. LEXIS 9664, *3.
"`Ordinarily, even though it is extraordinary relief, a mandatory injunction will issue to compel removal of an encroaching structure.'"Miller, supra, at 298, citing Arnold v. Melani (1969), 449 P.2d 800, 806. Because an encroaching structure affects the landowner's possessory rights, potentially forever, it has been held that the encroacher has the burden of establishing that injunctive relief would be oppressive. Seeid. It should be the exceptional case in which an encroacher is permitted, under the auspices of equity, to force a sale of property on an innocent landowner. Such equitable purchases should be restricted to cases in which the encroaching party would suffer extreme damage and the resulting harm to the innocent landowner would be minimal. McGuire v.Kashen (Sept. 15, 1995), Lucas App. No. L-94-294, unreported, 1995 Ohio App. LEXIS 4007, *17 (Sherck, J., dissenting). This is not such a case.
The evidence before the trial court demonstrated that the Dorciks built an entire sixty-foot wall of their barn on Appellants' property. Although the encroachment may have been unintentional, the Dorciks have essentially taken a portion of Appellants' property, without their consent. Absent injunctive relief, Appellants will forever lose the ability to use that portion of their property. On the other hand, there was little evidence that removing the encroachment would cause the Dorciks undue hardship. Although the trial court relied on the Dorciks' evidence that it would cost them $60,000 to rebuild the barn, apparently using entirely new materials, it was unreasonable to use that figure to gauge the potential hardship to the Dorciks. Certainly other options are available to remove the encroachment, such as moving the barn or even moving just the encroaching wall. This is not a ten-story building or even a two-story house; it is a barn. The potential hardship to the Dorciks does not outweigh the infringement on the property rights of Appellants. The trial court's conclusion that injunctive relief was not warranted in this case constituted an abuse of discretion. See Garonov. State (1988), 37 Ohio St.3d 171, 173. Appellants' third assignment of error is sustained insofar as it challenges the trial court failure to enjoin the encroachment.
Appellants' seventh assignment of error, also challenging the balance of equities, has been rendered moot by this Court's disposition of Appellants' third assignment of error. Accordingly, this Court will not pass upon its merits. See App.R. 12(A)(1)(c).
Appellants' fourth assignment of error is that their damage award was inadequate, that the trial court erred in failing to award punitive damages and attorney fees, and that the Dorciks should not have received any damages.
As to Appellants' claim that their damage award was inadequate because it failed to compensate them for their future injury, this Court has already determined that the trial court should have granted injunctive relief to prevent the ongoing infringement on Appellants' property rights. Consequently, this portion of Appellants' assignment of error has been rendered moot and will not be addressed. See App.R. 12(A)(1)(b).
Although Appellants further assign error to the trial court's failure to award them punitive damages or attorney fees, they fail to make any legal or factual argument on this issue. See App.R. 16(A)(7). This Court is not inclined to make their argument for them.
Finally, Appellants contend that an award of damages to the Dorciks was against the manifest weight of the evidence because they failed to establish that Appellants caused the damage. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten
(1986), 33 Ohio App.3d 339, 340.
Appellants specifically contend that the evidence demonstrated that the Dorciks caused their own damage by building a mound that obstructed the water flow on their property. The evidence did indicate that the Dorciks built a mound that impeded the flow of water from their property and that the drainage inspector for the Medina County Highway Engineer recommended that they remove the mound to facilitate the flow of water from their property. The drainage inspector further testified, however, that the Dorciks had installed French drains, which would help to alleviate the problem. Moreover, the evidence was undisputed that, before the Dorciks built a mound on their property, Appellants had built a mound on their property. The drainage inspector opined that the mound built by Appellants was impeding the flow of water from the Dorciks property and recommended that Appellants remove the mound. The evidence further demonstrated that Appellants did not remove the mound, nor did they take any other steps to facilitate the natural flow of water from the Dorciks' property. Therefore, this Court cannot say that the jury lost its way in concluding that Appellants caused the water flow damage to the Dorciks' property. Appellants' fourth assignment of error is overruled.
Appellants' ninth assignment of error is that the trial court erred in allowing the Dorciks' attorney to make improper comments during closing argument. Appellants contend that the comments included improper personal attacks and were not supported by the evidence. Again, this Court must note that Appellants raised no objection during the Dorciks' closing argument. They have failed to convince this Court that the conduct of the Dorciks' counsel rose to the level of plain error that affected the basic fairness or integrity of the judicial process. SeeGoldfuss v. Davidson, supra. Appellants' ninth assignment of error is overruled.
Appellants' tenth assignment of error is that the trial court abused its discretion by failing to grant their motion for new trial because Mr. Dorcik's testimony was not credible. Because this Court found no merit to this same challenge raised through Appellants' third assignment of error, the trial court likewise did not abuse its discretion by denying Appellants' motion for a new trial on this ground. See Rohde v.Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. Appellants' tenth assignment of error is overruled.
Appellants' eleventh assignment of error is that the trial court erred by denying their motion for a new trial before they had filed the transcript of proceedings with the trial court. They contend that the trial court had a duty to review the trial transcript before it could rule upon their motion for a new trial. They cite no authority to even suggest that the trial court had such a duty, however.
As the appellees correctly note, although the trial court did not have the benefit of a trial transcript, the trial judge who ruled on the new trial motion was the same judge who presided over the six-day trial. Two other appellate courts have held that a trial court committed no error by ruling on a motion for new trial without reviewing the trial transcript when it appeared that the trial court was able to determine the issues based on its memory of the proceedings. See Zell v. Else (Nov. 7, 1996), Franklin App. No. 96APE05-634, unreported, 1996 Ohio App. LEXIS 4871, at *10; Ward v. Angel (June 29, 1990), Montgomery App. No. 11902, unreported, 1990 Ohio App. LEXIS 2610, at *27. This Court is persuaded by that reasoning. There is no reason to believe that the trial judge in this case could not rule on the issues based on his memory of the proceedings. The eleventh assignment of error is overruled.
Appellants' twelfth assignment of error is that the trial court erred in entering judgment on the jury verdict because one of the jury interrogatories had been improperly altered. At the outset, this Court notes that Appellants failed to preserve the issue through a timely objection. See Lefort v. Century 21 — Maitland Realty Co., supra.
Moreover, although a handwritten alteration appears to have been made on one of the jury interrogatories, Appellants have failed to demonstrate that the alteration prejudiced them in any way.
The interrogatory in question was interrogatory number four on Appellants' claim for damages stemming from the Dorciks' alleged diversion of the flow of water onto their property. In response to the first three interrogatories, the jury indicated that the Dorciks had altered the flow of water across Appellants' property, but that the alteration of the water was not unreasonable, nor had it caused any damage to Appellants' property.[1] The fourth interrogatory asked the jury to indicate the amount of damages shown "[i]f the answer to interrogatory 1 was YES." The jury indicated that the amount of damages was zero, consistent with its answer to the prior interrogatory, which indicated that Appellants' property had not been damaged by the flow of water. Although a handwritten notation "3?" appears above the number one, indicating that the jury seemed to think that the wrong interrogatory number was referenced, it proceeded to answer the question anyway. Because the alteration had no impact on the jury's answers to the interrogatories or on the verdict, Appellants suffered no prejudice. The twelfth assignment of error is overruled.
The thirteenth assignment of error is that the trial court erred in granting the Dorciks a directed verdict on two of Appellants' claims, one for the continuing trespass of a utility line and trench and one for intentional infliction of emotional distress caused by the Dorciks spraying oil and paint chips onto Appellants' property. Appellants' argument in support of this assigned error consists merely of the directed verdict standard and a broad statement that these claims "were supported by the evidence." Appellants do not articulate the legal requirements for establishing these types of claims, nor do they point to any relevant evidence that they presented. Appellants have the duty of articulating a legal argument and supporting it with evidence in the record, which they have failed to do. As this Court has already indicated, it will not search the record for evidence to support Appellants' assigned error, nor will it make their legal arguments for them. The thirteenth assignment of error is overruled.
The fourteenth assignment of error is that the trial court erred in denying Appellants' motion for directed verdict on the Dorciks' counterclaim for damages. Specifically, they contend that the Dorciks' evidence was not credible, that their counterclaim required proof through expert testimony, and that their counterclaim should not have gone to the jury because the Dorciks made no jury demand.
As to Appellants' claim that the Dorciks' evidence was not credible, once again, they point to nothing specific in the record. This Court will not search through the record for evidence to support these allegations. It was for the jury to determine who was telling the truth and it apparently chose to believe the Dorciks. See State v. DeHass,supra.
Although Appellants claim that the Dorciks failed to present expert evidence to support their counterclaim, the Dorciks did support their claim with the testimony of Steven Trzcinski, the former drainage inspector for the Medina County Highway Engineer, who had observed the drainage problem on the two properties. Although he testified about his personal observations, he also offered his opinion about the natural flow of water on these two properties, the cause of the drainage problem, the effectiveness of efforts that had been made to correct the problem, and measures that still could be taken. Appellants raised no objection to his qualification to testify on these issues and, therefore, have waived any right to raise it now. See Lefort v. Century 21 — MaitlandRealty Co., supra.
Although the Dorciks did not make a jury demand, Appellants did. In their complaint, Appellants made a jury demand that was not limited to the trial of specific issues. Civ.R. 38(A) and (B) provide that "[a]ny party may demand a trial by jury" and that the party may specify the issues to be tried by a jury, "otherwise he shall be deemed to have demanded a trial by jury for all the issues so triable." Because Appellants did not limit their jury demand to the trial of certain issues, the Dorciks' counterclaim was also properly tried by a jury. Appellants' fourteenth assignment of error is overruled.
Assignments of error five, six, and eight raise challenges that Appellants raised through other assignments of error. This Court has already found some of those challenges to be without merit; the others have been rendered moot by the disposition of the third assignment of error. Consequently, Appellants' fifth, sixth, and eighth assignments of error need not be addressed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, BAIRD, P. J., CONCURS.
[1] Appellants also concede on page 19 of their appellate brief that they presented no evidence of damages on the water issue.