This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Elizabeth Wilson has appealed from the order of the Summit County Court of Common Pleas that awarded her damages in the amount of six thousand dollars.[1] We affirm.
On January 28, 1998, Appellant filed a complaint against Appellee, Lawrence Gilbert, for damages sustained as a result of a car accident wherein Appellee ran into the rear-end of the car in which Appellant was riding as a passenger. Appellee admitted negligence for the accident and thus, the only issue in dispute was the amount of damages. The matter proceeded to a jury trial before a magistrate on October 25, 1999. The jury returned a verdict in favor of Appellant in the amount of six thousand dollars. On October 20, 2000, the trial court entered an order granting damages to Appellant in the amount recommended by the jury. Appellant timely appealed and has raised three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial [court] committed prejudicial error in admitting the following evidence over objection:
 A. Evidence regarding the alleged failure of the plaintiff to wear a seatbelt;
 B. Photographs of the vehicles without proper foundation as to their relevance to [Appellant's] injuries;
 C. Testimony that no one else involved in the collision made a claim for personal injuries; and
D. The videotape deposition of [Appellee].
 In her first assignment of error, Appellant has argued that the trial court erred in admitting certain evidence. We disagree.
Decisions regarding the admissibility of evidence are within the discretion of the court and may be reversed only upon a finding of an abuse of discretion. See Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269,271. An abuse of discretion connotes more than mere error of law or judgment; it implies an attitude by the trial court that is arbitrary, capricious or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
With regard to the evidence referenced in subsections A, B, and D, this Court notes that Appellant has failed to provide this Court with either the videotaped testimony or a transcript of the testimony given by Dr. Terrence Ross and Appellee during which the contested evidence was offered. Appellant has the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters, which are necessary to support his assignments of error. See Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, since Appellant has failed to provide this Court with the necessary portions of the transcript to review, this Court shall presume that the evidence was properly admitted.
In subsection C, Appellant has argued that the trial court improperly admitted testimony that no one else was injured as a result of this accident. She alleges that such evidence was irrelevant and thus should have been excluded pursuant to Evid.R. 402. We disagree.
Appellant sought damages for injuries she allegedly sustained as a result of the accident. Appellee alleged that the injuries that Appellant attributes to this accident are the result of other, outside incidents, unrelated to the accident. Evidence that goes to show that the impact was so minimal that it did not affect others involved in the accident is directly relevant to showing that the injuries are attributable to outside sources. Accordingly the trial court did not err in admitting such evidence. Appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The trial court committed prejudicial error in overruling [Appellant's] motion for [a] mistrial.
 In Appellant's second assignment of error, she has argued that the trial court erred when it denied her motion for a mistrial based upon the statements of defense counsel during voir dire, opening arguments, and closing arguments. The evidence does not support such allegations.
This Court reviews the denial of a motion for a mistrial under an abuse of discretion standard of review. Morrow v. Maglan (1963),174 Ohio St. 457, 460; Civ.R. 51(B). Improper remarks by counsel may constitute misconduct warranting a new trial. See Pesek v. Univ.Neurologists Assn., Inc. (2000) 87 Ohio St.3d 495, 500.
Upon review of the evidence before this Court, this Court finds that the trial court did not abuse its discretion in denying Appellant's motion for a mistrial. Each of the instances of defense counsel's "misconduct" cited by Appellant as justifying a reversal of the trial court's orders is, in context, actually mere advocacy. Additionally, the statements of counsel do not reasonably support the inferences propounded by Appellant. Accordingly, any such comments did not prejudice the jury to such an extent as to taint the jury's decision. Appellant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR III The verdict is against the manifest weight of the evidence and is the product of passion and prejudice.
 In her third assignment of error, Appellant has argued that the verdict is against the manifest weight of the evidence. We disagree.
This court applies the same standard in determining whether both criminal and civil judgments are against the manifest weight of the evidence. Lagasse v. Yaeger (Sept. 9, 1998), Lorain App. No. 97CA006774, unreported, at 3; Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. Therefore we:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
 (Alteration in original.) Lagasse, supra, at 4, quoting State v. Otten (1986), 33 Ohio App.3d 339, 340. In effect, an appellate court which overturns a judgment on manifest weight of the evidence grounds adopts a fact-finding role, setting aside the resolution of evidence and testimony as found by the trier of fact. See State v. Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case, where the evidence weighs heavily in favor of the appellant. See State v. Otten, 33 Ohio App.3d at 340.
As noted above Appellant is burdened with the responsibility of providing this Court with the materials necessary to conduct a review. See Volodkevich, 48 Ohio App.3d at 314. In order to review a case to determine if the judgment is against the manifest weight of the evidence we must "review the entire record." Lagasse, supra. As noted above, Appellant failed to provide this Court significant portions of the record, notably the testimony of Dr. Ross, Appellant's expert witness, and Appellee. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Therefore, we must presume the judgment was not against the manifest weight of the evidence. Accordingly, Appellant's third assignment of error is without merit.
Appellant's three assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BATCHELDER, P.J. CONCURS.
[1] Appellant's husband, James Wilson, was also a plaintiff in the matter below. While the case caption and the front page of the brief indicate there are multiple appellants in this appeal, none of the assignments of error relate to Mr. Wilson's claims below. Accordingly, we shall refer solely to Mrs. Wilson as the appellant.