This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Ryan M. Bures has appealed from the denial of his motion to withdraw his guilty plea by the Lorain County Court of Common Pleas. This Court affirms.
 I.
Bures was cited for speeding, in violation of Brunswick Ordinance 434.03(B)(3).[1] Bures pled not guilty in the Mayor's Court, and the matter was sent to Medina Municipal Court for trial.
On June 14, 2000, the date of the trial, Bures revoked his former plea of not guilty, and entered a plea of no contest. Before he was sentenced by the trial court, Bures filed a motion to withdraw his plea of no contest. The trial court denied the motion and sentenced Bures to thirty days in jail and a $250 fine.
Bures has timely appealed, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR
 The court abused its discretion in denying Defendant's request to withdraw his plea of guilty.
 In his sole assignment of error, Bures argues the trial court erred in denying his motion to withdraw his plea of "guilty."[2] Bures specifically claims that because his father was having an illicit affair, and because of his claimed bipolar disorder and attention deficit disorder, he did not voluntarily change his plea from not guilty to no contest.
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed[.]" Crim.R. 32.1. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. The Ohio Supreme Court explained the import of deference to the discretion of the trial court:
 "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion."
 (Alterations in original.) Xie, supra, at 526, quoting Barker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223. An abuse of discretion is more than an error of law or judgment, but rather demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons. v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
At his hearing, Bures alleged two grounds for withdrawal of his no contest plea: (1) his father was having an affair outside of his marriage; and (2) he suffered from bipolar disorder and attention deficit disorder. Essentially, Bures claims that his plea was not voluntary.
As a threshold matter, voluntariness of a plea is best gauged by review of the actual transcript of the proceedings where Bures changed his plea upon a Crim.R. 11 colloquy with the trial court. Such transcript has not been provided to this Court. As the appellant, Bures had the responsibility of providing this Court with an adequate record to support his assignment of error. See Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314, appeal not allowed (1989), 47 Ohio St.3d 705. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, this Court must presume the validity of the proceedings below and conclude that Bures' no contest plea was entered voluntarily. Without the transcript of the change of plea hearing, this Court cannot conclude that Bures' post-plea claims are anything more than after the fact hand wringing, which the trial court properly acted within its discretion to deny.
Bures' assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
______________________________________ DONNA J. CARR
SLABY, P.J., WHITMORE, J. CONCUR.
[1] Due to Bures' previous traffic convictions, the charge of speeding was a misdemeanor of the third degree.
[2] Bures actually never pled guilty to the offense. Rather, Bures changed his plea of not guilty to a plea of no contest.