OPINION
On December 13, 2000, Appellant was involved in a motor vehicle accident.
Officer Boyle of the Alliance City Police Department investigated the accident and interviewed the Appellant.
Upon interviewing the Appellant, Officer Boyle detected a moderate odor of alcohol about his person.
Upon inquiry by Officer Boyle, Appellant admitted to consuming alcohol. (T. at 7).
Officer Boyle also noted that Appellant was belching frequently, was talkative, that his speech was a little mumbled (T. at 9) and that he had red, watery eyes. (T. at 45).
Officer Boyle requested that Appellant perform the standard field sobriety tests, which he did.
Upon conducting said field sobriety tests and observing Appellant's performance of same, Officer Boyle determined that Appellant had been operating a motor vehicle while under the influence of alcohol.
Appellant was arrested and charged with one count of Operating a Motor Vehicle While Under the Influence of Alcohol in violation of Alliance City Ordinance 333.01(a)(1), one count of Operating a Motor Vehicle While Over the Prohibited Blood Alcohol Content in violation of Alliance City Ordinance 333.01(a)(3) and one count of Failure to Control in violation of Alliance City Ordinance 331.34.
On December 27, the charge of Operating a Motor Vehicle While Over the Prohibited Blood Alcohol Content in violation of Alliance City Ordinance 333.01(a)(3) was dismissed because the solution used in the breathalyzer machine had expired.
On January 12, 2001, Appellant filed a Motion to Suppress requesting that the opinion, field sobriety tests and officer observations be suppressed asserting that the officer did not have lawful cause to detain appellant.
On April 4, 2001, the trial court filed its findings of fact and conclusions of law suppressing the Horizontal Gaze Nystagmus test and overruling the remainder of Appellant's motion.
On April 5, 2001, Appellant was found guilty by a jury of Operating a Motor Vehicle While Under the Influence of Alcohol in violation of Alliance City Ordinance 333.01(a)(1).
On April 24, 2001, appellant filed his Notice of Appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT SHOULD HAVE SUPPRESSED THE WALK AND TURN AND ONE LEG STAND FIELD SOBRIETY TESTS BECAUSE THEY WERE IMPROPERLY ADMINISTERED.
 II. THE TRIAL COURT SHOULD HAVE SUPPRESSED ALL EVIDENCE AND STATEMENTS GATHERED BY THE ARRESTING OFFICER BECAUSE THE OFFICER LACKED PROBABLE CAUSE TO ARREST THE APPELLANT.
 MOTION TO SUPPRESS
In each of his assignments of error, Appellant claims that the trial court erred in not sustaining his motion to suppress.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, and Guysinger, supra.
 I.
In his first assignment of error, Appellant urges the trial court erred in finding the walk and turn and one-leg stand field sobriety tests were properly administered. We disagree.
In State v. Homan (2000), 89 Ohio St.3d 421, the Ohio Supreme Court reviewed field sobriety tests, including the walk and turn test and HGN test, which were not properly administered. The Supreme Court held that if a field sobriety test is not administered in strict compliance with standardized procedures, then the tests cannot form the basis for probable cause to arrest.
On appeal, appellant challenges the trial court's findings of fact. As stated earlier, in reviewing this type of challenge, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See Guysinger, supra. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, syllabus. It is not an appellate court's function to substitute its judgment for that of the factfinder. State v. Jenks (1981),61 Ohio St.3d 259, 279, 574 N.E.2d 492.
Since we are not fact finders, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by. some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279
This Court notes that the parties and the trial court have referenced an exhibit, the video tape, which did not automatically come to this court part of this record. It is Appellant's responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support his assignments of error. See Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. However, since the missing exhibit is necessary for the resolution of appellant's first assignment of error, this Court requested said videotape and has reviewed same.
As noted above, it is within the trial court's discretion to weigh the credibility of the witnesses. We are not a factfinders and therefore, we will not substitute our judgment for that of the trial court.
Having reviewed the videotape, we find that in this case, sufficient competent, credible evidence existed for the trial court's determination that the walk and turn and one-leg stand tests were properly administered.
Appellant's First Assignment of Error is overruled.
 II.
In his second assignment of error, the Appellant claims that the trial court erred in ruling there was probable cause to arrest Appellant for the offense of driving under the influence of alcohol. We disagree.
Appellant challenges the trial court's findings of fact and argues that there were not sufficient indicia of inebriation to establish probable cause to arrest appellee for driving under the influence of alcohol. Under this type of a challenge, on appeal, we must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See Guysinger, supra.
While the Ohio Supreme Court held in Homan, supra that when a field sobriety test is not administered in strict compliance with standardized procedures, the tests cannot form the basis for probable cause to arrest, it went on to state that the totality of the facts and circumstances surrounding the incident can support a finding of probable cause to arrest even if there are no field sobriety tests administered, or where the test results must be excluded because of lack of strict compliance.Homan, at 427, citations deleted. In the Homan case, the Court explained that:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [Citations omitted.] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. [Citations omitted.] Id. at 427.
In Homan, the surrounding facts and circumstances included erratic driving, red and glassy eyes, the smell of alcohol, and an admission of drinking alcoholic beverages. In the case sub judice, Officer Boyle testified there was an odor of alcohol, red, watery eyes, admission of alcohol consumption, mumbled speech and frequent belching in addition to the automobile accident.
We have reviewed the record, and upon our examination of the "totality" of facts and circumstances surrounding the arrest we find, pursuant toHoman, supra, the officer articulated sufficient facts and circumstances to give rise to probable cause to arrest Appellant for driving under the influence. We believe the foregoing would lead a reasonably prudent person to conclude that appellant had engaged in driving under the influence. Taken in conjunction with the aforementioned "common indicia" of intoxication, the set of circumstances as a whole gives rise to probable cause to believe that appellant was operating a motor vehicle while under the influence of alcohol.
Upon review, we find no error in the trial court's denial of appellant's motion to suppress.Appellant's Second Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the City of Alliance Municipal Count, Stark County, Ohio is affirmed. Costs to Appellant.
Hon. Julie A. Edwards, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.