This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Charles W. Keenan, appeals from the judgment of the Summit County Court of Common Pleas denying his petition for post-conviction relief and his motion for discovery, an evidentiary hearing, and a stay. We affirm.
As a complete record has not been filed with this court, apparently, on February 23, 2001, Defendant filed a petition for post-conviction relief. Thereafter, it appears that Defendant moved for discovery, an evidentiary hearing, and a stay. The trial court denied Defendant's petition and motion. On April 12, 2001, Defendant directly appealed his conviction. Subsequently, he timely appealed the trial court's denial of his petition and motion raising four assignments of error for review. Due to the nature of Defendant's arguments, we will address jointly assignments of error one and two and assignments of error three and four.
 ASSIGNMENT OF ERROR I The trial court erred when it denied [Defendant's] post-conviction petition without holding an evidentiary hearing thereby violating [Defendant's] rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. * * *
 ASSIGNMENT OF ERROR II The trial court erred when it denied [Defendant's] requests for discovery and a stay of the post-conviction proceedings. The trial court's rulings violated [Defendant's] rights under the Fifth and Fourteenth Amendments of the United States Constitution and [Section] 16, Article I of the Ohio Constitution. * * *
In his first assignment of error, Defendant avers that the trial court erred by denying his post-conviction petition without holding an evidentiary hearing. In his second assignment of error, Defendant alleges that the trial court erred by denying his motion for discovery, and evidentiary hearing, and a stay. We disagree.
R.C. 2953.21 states in relevant part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
A hearing is not automatically required for every petition for post-conviction relief. See State v. Yauger (Oct. 6, 1999), Summit App. No. 19392, unreported, at 3, citing State v. Jackson (1980),64 Ohio St.2d 107, 110. The trial court must first find that the defendant produced sufficient operative facts to establish substantive grounds for relief before a hearing is granted. See State v. Calhoun
(1999), 86 Ohio St.3d 279, 282-83. See, also, Jackson,64 Ohio St.2d at 111.
This court notes that the record does not contain Defendant's petition for post-conviction relief, supporting affidavits, other documentary evidence or his motion for discovery, an evidentiary hearing, and a stay. App.R. 9 places an affirmative duty on Defendant to provide this court with an adequate record.[1] "A presumption of validity attends the trial court's action. In the absence of an adequate record, * * * we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision." Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. See, also, Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. As a result of Defendant's failure to provide the petition for post-conviction relief, supporting affidavits, other documentary evidence, and the motion considered by the trial court, Defendant has not demonstrated the errors assigned. Consequently, Defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III [Defendant] was deprived of his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. * * *
 ASSIGNMENT OF ERROR IV [Defendant] was denied his constitutional rights to present a defense, to cross-examination, to a fundamentally fair trial, and to confrontation as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution. * * *
In his third assignment of error, Defendant contends that his counsel's failure to introduce evidence and call an expert witness on his behalf denied him effective assistance of counsel, in violation of the United States and Ohio Constitution. Furthermore, in his fourth assignment of error, Defendant contends that he was denied the following rights: (1) to present a defense; (2) to a fundamentally fair trial; and (3) to cross-examine and confront State's witnesses. Defendant's contentions lack merit.
The Ohio Supreme Court has held that a defendant is barred by the doctrine of res judicata from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction. State v. Reynolds (1997), 79 Ohio St.3d 158, 161.
In the present case, Defendant attempts to advance arguments that he did or could have raised on direct appeal. As such, Defendant's claims are barred by the doctrine of res judicata. Accordingly, Defendant's third and fourth assignments of error are overruled.
Defendant's assignments of error are overruled. The judgment in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.
[1] This court granted Defendant's motion to supplement the record with the transcript of proceedings and exhibits from State v. Keenen, C.A. No. 20528; however, we note that Defendant's motion did not include a request to transfer the record.