JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Eugenia Colbert appeals her conviction for aggravated robbery. For the reasons below, the trial court's decision is affirmed.
 {¶ 2} The aggravated robbery charge against Colbert resulted from her attack on Yvonne Cain in the parking lot of the Rose-Mary Center ("the Center") located at 19350 Euclid Avenue in Euclid, Ohio. Colbert's boyfriend, David Brashers, worked at the Center with Cain. At the time of the attack, Cain was the payroll manager at the Center. On the day before the attack, Brashers was in Cain's office to update his employment information. He was unsure of his phone number, so Cain called the number that he provided to verify that it was correct. When Cain made the call, she spoke with Colbert, identified herself, and asked Colbert whether Brashers was home. Colbert was upset by the call because she knew that Brashers was at work. The call between Cain and Colbert became heated, so Cain hung up.
 {¶ 3} On June 22, 2001, Colbert and a juvenile female attacked Cain in the parking lot of the Center as she exited her car. Cain identified Colbert as one of the two assailants who maced her and shoved her to the ground. The juvenile grabbed her C.D. case out of her hand.
 {¶ 4} Chantone Baker witnessed the attack from a second story window of the Center. He testified that after attacking Cain, Colbert and the juvenile vandalized Cain's vehicle and ran away.
 {¶ 5} Derrick George, another employee at the Center, ran after the assailants and saw them get into Brashers' truck. George testified that Colbert was driving the vehicle and he recognized her because he and Brashers were friends.
 {¶ 6} Colbert maintained that she was merely going to the Center to clear up the misunderstanding with Cain, and that as she parked her car, the juvenile ran past her and maced Cain. The two then ran away.
 {¶ 7} After a jury trial, Colbert was convicted of aggravated robbery and the trial court sentenced her to seven years incarceration.
 {¶ 8} On appeal, Colbert maintains that the trial court erred by not allowing the jury to hear a tape on which the juvenile allegedly confesses to being the sole attacker. She maintains that the taped confession is an exception to the hearsay rule and should have been admitted under Evid.R. 804(B)(3). She further maintains that two witnesses were ready to testify that the juvenile had confessed to the crime, and that the court violated Evid.R. 804(B)(3) by not permitting these witnesses to testify. As a result of the court's actions, Colbert argues that she was denied her right to due process as guaranteed by the United States Constitution.
 {¶ 9} At trial, the State called the juvenile to testify. She had also been subpoenaed by the defense. On the stand, she asserted herFifth Amendment right not to testify. The court then discussed with counsel, on the record, the admissibility of the taped confession and testimony of the two defense witnesses. The court determined that neither the tape nor the testimony of these witnesses was admissible.
 {¶ 10} In State v. Grubb (1986), 28 Ohio St.3d 199, the Ohio Supreme Court stated that "[a]t trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence * * *, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." Id.; State v. Gilmore (1986), 28 Ohio St.3d 190.
 {¶ 11} Here, the defense exhibits are not in the record before this court, and defense counsel did not proffer the content of the witnesses' testimony to preserve the issue on appeal. "[A] reviewing court only can consider matters found within the record." State v. Banks
(June 15, 2000), Cuyahoga App. No. 76271. Further, the appellant has the duty of providing a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Id., citing, Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313.
 {¶ 12} Here, Colbert failed to preserve the disputed evidence and testimony for purposes of appeal. Accordingly, we presume regularity and overrule her first three assignments of error.
 {¶ 13} In her next assignments of error, Colbert argues that the trial court failed to follow the sentencing guidelines set forth in R.C. 2929.11 et seq., and violated R.C. 2929.14 by sentencing her to more than the minimum sentence when she had not previously served a prison term.
 {¶ 14} The trial court sentenced Colbert to seven years in prison for a first degree felony — more than the three-year minimum sentence but less than the maximum ten-year sentence.
 {¶ 15} If the court imposes a sentence upon an offender for a felony when the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from further crime by the offender or others. See R.C.2929.14(B).
 {¶ 16} Although the record of the sentencing hearing must reflect that the court found a statutorily sanctioned reason for exceeding the minimum term, the court is not required to give its reasons for its findings. State v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131,135.
 {¶ 17} Prior to sentencing Colbert, the trial court stated that "the shortest term of imprisonment would demean the seriousness of this offender's conduct and the shortest term will not adequately protect the public from the offenders or others." Therefore, the trial court complied with R.C. 2929.14(B) and committed no error by imposing more than the minimum sentence.
 {¶ 18} Although not raised as an error, this court notes that the sentencing entry contained language which was not part of the sentence pronounced in open court. Specifically, the entry purports to impose post-release control and court costs; however, Colbert was never advised at her sentencing hearing of either sanction. Under Woods v. Telb,89 Ohio St.3d 504, 513, 2000-Ohio-171, "a trial court must inform the offender at sentencing * * * that post-release control is part of the offender's sentence." Moreover, a defendant must be present when a sentence is imposed and a journal entry does not satisfy the requirements of Crim.R. 43(A). Accordingly, post-release control and court costs are not part of Colbert's sentence.
 {¶ 19} The judgment is affirmed, but the case is remanded for entry of an appropriate journal entry that reflects the sentencing pronounced in open court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence and correction of sentencing entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and DIANE KARPINSKI, J. CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).