This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Samuel Yates, appeals from his conviction in the Summit County Court of Common Pleas for felonious assault. We affirm.
{¶ 2} On May 6, 2002, the Summit County Grand Jury indicted Defendant on one count of felonious assault, in violation of R.C.2903.11(A)(1) and/or (A)(2). Subsequently, a jury trial followed. Defendant moved for acquittal, pursuant to Crim.R. 29; however, the trial court denied his motion. Thereafter, the jury found Defendant guilty of felonious assault, and the trial court sentenced him accordingly. Defendant timely appeals and asserts three assignments of error for review. To facilitate review, we will address assignments of error one and two together.
 ASSIGNMENT OF ERROR I
"[Defendant's] conviction of felonious assault was contrary to the manifest weight of the evidence."
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to grant [Defendant's] [Crim.R.] 29 motion to dismiss the felonious assault charge following the conclusion of the State's case."
{¶ 3} In these assignments of error, Defendant challenges the adequacy of the evidence produced at trial. Specifically, Defendant avers that his conviction for felonious assault was based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignments of error lack merit.
{¶ 4} As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
{¶ 5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal *** if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
{¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
{¶ 8} The jury found Defendant guilty of felonious assault, in violation of R.C. 2903.11(A), which provides in relevant part the "[n]o person shall knowingly *** [c]ause serious physical harm to another or *** [c]ause or attempt to cause physical harm to another *** by means of a deadly weapon or dangerous ordnance." One "acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
{¶ 9} At trial, Elmer Brown ("Brown"), the victim, testified that he went to an apartment located at 244 Grand Avenue on April 25, 2002. Brown stated that he encountered three individuals when he arrived at the apartment, namely, Defendant, David Hayes ("Hayes"), and Kara Graham ("Graham"). He further stated that later that evening Defendant asked him about "some missing money[,]" and he replied that he did not have any money. Brown then asserted that Defendant instructed him to "come up with some kind of money because his product *** [was] gone" and if he "[didn't] come up with it, [he was] going to die [at the apartment]." He explained that Defendant and Hayes began to beat him. Specifically, Brown explained that Defendant grabbed a bottle and hit him on the head several times until the bottle shattered, and then Defendant proceeded to stab him in the back of the head. Brown stated that Hayes hit him with his fists on the head, ribs, and fingers. He maintained that he could not "fight back" because he was trying to protect himself from the attack and he told Defendant and Hayes "[t]hat they [were] killing [him]." Brown described his injuries as a fractured jaw and broken fingers, and indicated that he had received staples in his head. Finally, he acknowledged that he told a police officer that he had fallen to the ground during the "beating," but in actuality he asserted that he had not fallen to the ground.
{¶ 10} Officer Daniel Pastor testified that he received a call regarding an alleged felonious assault. In response to the call, Officer Pastor stated that he went to Akron General Hospital and met Brown. Officer Pastor also stated that he spoke with Brown and learned the following: (1) Brown went to the apartment to visit a friend; (2) Brown was accused of stealing $100.00; (3) Brown was hit on the head with a bottle; and (4) Brown was hit and kicked by a second individual. Officer Pastor asserted that he then proceeded to the apartment and found a broken bottle with blood on it in a trash can. He also asserted that he found Defendant and Hayes in an upstairs apartment at 244 Grand Avenue standing in the dark and behind a door. Officer Pastor testified regarding the statements made by Defendant to him; particularly, he stated that Defendant told him that (1) he accused Brown of stealing $100.00, (2) Brown attempted to hit him, but he blocked it and hit Brown in the jaw, and (3) "he was going to screw [Brown] up" if he did not produce the money.
{¶ 11} Detective William Bosak testified that he was dispatched to investigate a felonious assault. He further testified that Brown told him that two people had assaulted him. Detective Bosak learned from Brown that Defendant and Hayes had punched and kicked him and hit him on the head with a bottle.
{¶ 12} Officer Christopher Schnee testified that he was called to assist in the investigation of the felonious assault at 244 Grand Avenue. Officer Schnee stated that he went to the apartment and discovered a "bunch of broken glass" wrapped in plastic in a trash bag. He additionally explained that the glass appeared to be covered in blood. Officer Schnee then testified that he and Officer Pastor went to the upstairs apartment to look for the suspects. When he arrived at the upstairs apartment, Officer Schnee declared that Earlie Williams ("Williams"), the occupant of the apartment, would not allow either officer to enter the apartment and maintained that the two suspects were not in the apartment. Officer Schnee asserted that Williams eventually allowed the officers to enter the apartment. Lastly, he testified that Defendant and Hayes were found in the apartment.
{¶ 13} Williams testified that he lives in the upstairs apartment at 244 Grand Avenue. He further testified that Defendant came to his apartment on April 25, 2002. Williams continued that Defendant later told him that "somebody took his money and he had to defend himself[.]" He admitted that he did not initially tell the police officers that Defendant was in the apartment; however, during the police officers second visit to the apartment, Williams allowed them to enter the apartment.
{¶ 14} Hayes testified that he had visited the apartment located at 244 Grand Avenue on April 25, 2002. He further testified that he saw money on the entertainment center in the apartment, and noted that Defendant and Brown had a "heated" discussion later that evening when the money allegedly was missing. Hayes explained that Defendant and Brown "exchanged words." He then described the altercation. Specifically, Hayes stated that Brown attempted to strike Defendant, Defendant countered with five to seven punches to the jaw and face, and Brown bumped into the entertainment center, which caused a bottle to fall off the entertainment center and break. He maintained that Defendant did not hit Brown with a bottle. Hayes testified that he was not involved in the fight, but rather attempted to break up the fight. He denied hitting, punching, holding, or restraining Brown. Finally, Hayes explained that he was merely visiting Williams at his apartment when the police officers arrived.
{¶ 15} After a thorough review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted Defendant of felonious assault. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction is also without merit. Accordingly, Defendant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred in failing to grant [Defendant's] motion for a self-defense instruction in the court's jury instructions."
{¶ 16} In his third assignment of error, Defendant alleges that the trial court erred when it denied his request for a self-defense instruction in the court's jury instructions. We disagree with Defendant's allegation.
{¶ 17} Crim.R. 30 states in relevant part:
 "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
{¶ 18} Generally, a request for a special jury instruction must be made in writing. State v. Franklin (1991), 62 Ohio St.3d 118, 128. Further, a party objecting to the trial court's failure to give such an instruction must object before the jury retires. Id. A party's failure to object ordinarily constitutes waiver, absent plain error. Id. See, also, Crim.R. 52(B). However, the Ohio Supreme Court has created an exception, such that a party does not waive his objections to the trial court's refusal to include the proposed jury instruction by failing to formally object. State v. Wolons (1989), 44 Ohio St.3d 64, paragraph one of the syllabus. See, also, State v. Brooks (1996), 75 Ohio St.3d 148, 160. The exception is applicable "(1) where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and (2) the requesting party has been unsuccessful in obtaining the inclusion of that law in the trial court's charge to the jury." Wolons, 44 Ohio St.3d 64 at paragraph one of the syllabus.
{¶ 19} The transcript of the proceedings indicates that Defendant did request a proposed jury instruction regarding self-defense, but did not object to the trial court's jury instructions. We find that the record does not contain his proposed jury instructions. An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9; App.R. 12(A)(1)(b). As such, App.R. 9 places an affirmative duty on Defendant to provide this court with an adequate record, or the portions necessary for review on appeal. App.R. 10(A);Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. "A presumption of validity attends the trial court's action. In the absence of an adequate record, *** we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision."Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. See, also,Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Without the proposed jury instructions, we cannot conclude that the trial court erred in refusing Defendant's request for a jury instruction on self-defense. See State v. Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 39 (concluding that the appellant waived his assigned error by failing to include in the record the proposed jury instructions, thereby denying the appellate court an adequate record to review). Defendant's third assignment of error is overruled.
{¶ 20} Defendant's assignments of error are overruled. The conviction in the Summit County Court of Common Pleas is affirmed.
CARR, J. CONCURS IN JUDGMENT ONLY.
WHITMORE, J. CONCURS.