DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eric Eichelberger, appeals the decision of the Lorain County Court of Common Pleas, designating him a sexual predator. This Court affirms.
 I. {¶ 2} Appellant was indicted by the Lorain County Grand Jury for two counts of rape against a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b). On May 6, 2002, appellant pled guilty to the indictment. On July 3, 2002, the trial court held a sexual classification hearing and classified appellant a sexual predator. The trial court then sentenced appellant to 5-25 years on each count of the indictment to be served concurrently and concurrently to the sentence imposed in Case No. 01CR058052 in which appellant was found guilty of non-support of dependents, a violation of R.C. 2919.21(B).
 {¶ 3} Appellant timely appealed the trial court's determination that he should be classified a sexual predator, setting forth two assignments of error for review. Appellant's two assignments of error have been combined to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"Appellant was deprived of his right to effective assistance of counsel when his court appointed counsel stipulated to the pre-sentence report as the only evidence used by the trial court during his sexual predator hearing and due to his counsel's failure to request appointment of an independent psychological expert at the state's expense."
 SECOND ASSIGNMENT OF ERROR
"The trial court's determination that appellant is a sexual predator was not based upon clear and convincing evidence and was contrary to the ohio supreme court's holding in State v.Eppinger (2001), 91 Ohio St.3d 158."
 {¶ 4} Appellant contends in his first assignment of error that he was denied his right to effective assistance of counsel when his court appointed attorney stipulated to the presentence investigation report ("PSI) as the only evidence used by the trial court during the sexual classification hearing and by his counsel's failure to request the appointment of an independent psychological expert at the State's expense. In his second assignment of error, appellant argues that, when applying the factors of R.C. 2950.09 to the facts of his case, there is insufficient evidence to demonstrate, by clear and convincing evidence, that he is a sexual predator. This Court disagrees.
 {¶ 5} Preliminarily, this Court notes that appellant does not have a constitutional right to counsel at a sexual predator hearing because it is a civil hearing. State v. Degroat (Sept. 6, 2001), 10th Dist. No. 00AP-1485. However, because R.C.2950.09(B)(1) grants appellant the right to counsel in these hearings, this Court will examine appellant's assignment of error using the United State Supreme Court's analysis in Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674. Id.; State v. Price (Dec. 31, 2001), 10th Dist. No. 00AP-1434, 2001-Ohio-8874. Appellant contends that his counsel was ineffective for stipulating to the use of the PSI as the only evidence in the sexual classification hearing and by failing to request the appointment of an expert witness to testify at the sexual predator hearing.
 {¶ 6} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test set forth in Strickland, 466 U.S. 668. Initially, appellant must show that counsel's performance was deficient. Id. at 687. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. Appellant "may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." State v.Sieng (Dec. 30, 1999), 10th Dist. No. 99AP-282, citingStrickland, 466 U.S. at 690.
 {¶ 7} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland
test requires appellant to prove prejudice in order to prevail.Strickland, 466 U.S. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. To meet this standard appellant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 8} Appellant first argues that he was denied effective assistance of counsel when his trial counsel stipulated to the PSI as the only evidence used by the trial court in his sexual classification hearing. Appellant also argues that the trial court lacked clear and convincing evidence to support its finding that he should be designated a sexual predator. At the sentencing hearing, the only evidence that the trial court considered toward its sexual predator determination was the PSI. However, appellant failed to cause the PSI to be part of the record on appeal. As the appellant, Eichelberger had the responsibility of providing this Court with an adequate record to support his assignment of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314, appeal not allowed (1989), 47 Ohio St.3d 705. See, also,Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199
("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").
 {¶ 9} Likewise, in the instant case, appellant failed to make the PSI part of the record on appeal. Therefore, this Court cannot determine whether trial counsel's stipulation to the PSI amounted to ineffective assistance of counsel without reviewing the same and, also, must presume the validity of the trial court's findings.
 {¶ 10} Secondly, appellant claims he was denied effective assistance of counsel by his trial counsel's failure to request a court-appointed expert witness. Assuming without deciding that appellant's trial counsel was ineffective for failing to request a court-appointed expert witness, appellant must also establish that he was prejudiced by this failure. To make such a showing, appellant must show that the expert witness's testimony would have significantly assisted the defense and would have affected the outcome of the proceeding. Price.
 {¶ 11} Appellant attempts to make this showing by alleging that a more substantial psychological inquiry would probably have resulted in evidence mitigating against a sexual predator finding. However, a probable result is insufficient to prove appellant was prejudiced by counsel's failure to request an expert witness. Appellant does not allege that an expert witness would testify favorably for appellant; rather, appellant alleges only that such testimony might be favorable and should have been requested. This is insufficient to show that he was prejudiced by counsel's failure to request such an expert witness.
 {¶ 12} Further, this Court notes that the trial court considered the factors set forth in R.C. 2950.09(B)(3) in determining that appellant was likely to engage in one or more sexually oriented offenses in the future. The trial court noted on the record that at the time of the incidents in question, appellant was between the ages of twenty-one and twenty-six years old. The record also reveals that the trial court considered the age of the victims. In State v. Remines (June 23, 1999), 9th Dist. No. 97CA006903, this Court held that the "tender age of the victims may be considered inherently indicative of a strong likelihood to re-offend[.]" In the present case, one victim was between the ages of eight and twelve and one victim was between the ages of ten and thirteen when the incidents occurred. The court also noted on the record that it was considering the fact that there was an indication of a repeated pattern with regard to the two victims in the present case.
 {¶ 13} As the PSI was not made part of the record on appeal, this Court presumes that the trial court relied upon competent, credible evidence that clearly and convincingly supported its conclusion that appellant would likely commit a sexually oriented offense in the future. Accordingly, appellant was properly adjudicated a sexual predator pursuant to R.C. 2950.09. Appellant's second assignment of error is overruled.
 III. {¶ 14} Having overruled appellant's two assignments of error, the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J., and Batchelder, J., concur.